IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMAAL MCNEIL,<br><br>Defendant. | **4:24CR3048**<br><br><br>**FINDINGS, RECOMMENDATION, AND ORDER** |

Now pending before the Court are sixty-six (66) pretrial motions filed by pro se Defendant Jamaal McNeil. Filing Nos. 16, 19–22, 24, 29, 32–36, 47, 50, 53, 55, 57–58, 60, 62, 71, 75–77, 79, 88, 91–96, 98–120, 122–23, 125–32, and 134. The Court addresses each of Defendant's pending motions as set forth below.

## BACKGROUND AND PROCEDURAL HISTORY

A grand jury indicted Defendant with one count of possession with intent to distribute fifty (50) grams or more of methamphetamine while he had a previous conviction for a serious drug felony. The indictment also alleges Defendant is subject to criminal forfeiture of $853 seized from his person and $2,495 seized from his apartment on November 29, 2023. Filing No. 1.

Defendant initially appeared on the charge on May 23, 2024. He waived his right to counsel and pleaded not guilty. The Court immediately proceeded to a detention hearing and ordered Defendant detained. Filing No. 15.

The Court set the pretrial motions deadline for June 13, 2024. Filing No. 12. Defendant filed forty-eight (48) handwritten motions between May 23 and June 6. The Court orally ruled on a portion of the pending motions during a hearing held on June 6,

1

2024. In relevant part, the Court orally granted Defendant's motion to withdraw his plea of not guilty and found Defendant's plea is not guilty pursuant to Federal Rule of Criminal Procedure 11. The Court also denied Defendant's motions for a preliminary hearing because he was indicted by grand jury. The Court granted Defendant's motion to proceed in forma pauperis because it previously found Defendant is indigent. Finally, the Court reopened the detention hearing and denied Defendant's motions for release.

The government was ordered to respond by July 8 to the motions pending at the time of the June 6 hearing as well as three motions filed shortly after the hearing. Filing No. 87 at 87; Filing No. 80 (text minute entry). The Court set July 14 as Defendant's deadline to file an amended motion to suppress and ordered the government to respond to the motion to suppress pursuant to the local rules. The government filed its response briefs on June 28 (motion to suppress) and July 8 (other motions). Filing Nos. 84 and 90.

Defendant filed an influx of new pretrial motions after the June 6 hearing (a number of which are dated prior to June 6). He also filed Filing Nos. 122 and 134, which the Court construes as Defendant's briefs in support of his various motions. The government did not respond to the additional motions within the time contemplated by the local rules.

**ANALYSIS**

Defendant styled each motion as a separate pretrial motion containing its own case caption, certificate of service, signature, and supporting affidavit. Defendant also filed evidence in support of his motions, Filings Nos. 31, 68, 69, 97, 124 and 133, and two independent certificates of service—Filing Nos. 72 and 121. Unfortunately, Defendant's motions contain a variety of arguments that do not always relate to the type of motion it purports to be in the case caption (i.e., motion in limine, motion to quash, etc.). Defendant's motions are also often duplicative and tend to repeat the same argument ad nauseum.

Accordingly, instead of addressing Defendant's motions individually, the undersigned addresses the merits of each of Defendant's arguments. If an argument in a motion lacks merit, the undersigned denies the motion in part. If all the arguments in a motion lack merit, the undersigned denies the motion in full. The undersigned applies the

same principle in reverse to grant a motion in part or in full. Attachment A details the Court's rulings and the undersigned's recommendations, if necessary, on each motion.

## I.    Preliminary Issues.

The undersigned begins her analysis by discussing the procedural and other preliminary matters raised in the motions.

First, a portion of the pending motions are untimely. The Court's order required the parties to file any pretrial motions by June 13, 2024. Filing No. 12. "A party's failure to file a pretrial motion by the court-imposed deadline constitutes a waiver of the issue." *United States v. Floyd*, No. 3:20-CR-30082, 2024 WL 1154849, at *3 (D.S.D. Mar. 18, 2024) (citing *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011)). However, the Court may still "consider the defense, objection, or request" in an untimely pretrial motion "if the party shows good cause." Fed. R. Crim. Proc. 12(c)(3).

A significant portion of the motions now pending before the Court were filed after the pretrial motions deadline but mailed by Defendant before the deadline lapsed. The Court finds good cause to consider these motions (Filing Nos. 88, 91–96, and 98–119)— it will not punish a pro se Defendant for a situation wholly outside his control.

Defendant also mailed two more batches of motions after the deadline lapsed. Filing Nos. 122, 123, and 124 are postmarked July 2 and Filing Nos. 125–134 are postmarked July 13. The Court nonetheless finds there is good cause to consider the arguments in these motions. This is the first written order on any of Defendant's pretrial motions and the case is not set for trial. Defendant is warned, however, that the Court is extremely unlikely to consider any further untimely pretrial motions absent a finding of good cause.

Second, Defendant requests an evidentiary hearing. He testified during the June 6 hearing that he was requesting an evidentiary hearing in Filing No. 50 for all his pretrial motions. Filing No. 87 at 55–56. Defendant also asserts he is requesting an evidentiary hearing in several other motions. Filing Nos. 55,[1] 94, 95, and 113. Accordingly, the Court

---

[1]   *See* Filing No. 87 at 63 (it is not obvious from the face of the motion this is a request for an evidentiary hearing).

denies Filing Nos. 55, 94, 95, and 113 in part as duplicative requests for relief and construes Filing No. 50 as Defendant's sole request for an evidentiary hearing on all pending pretrial motions.

As outlined below, the Court defers finding whether Defendant is entitled to an evidentiary hearing on his motion to return property until the government responds and/or its response deadline lapses. The Court orders an evidentiary hearing on Defendant's motion to suppress. It finds an evidentiary hearing is not required on Defendant's remaining pretrial motions. After all, the Court heard oral argument on most of Defendant's alleged grounds for relief during the June 6 hearing. Accordingly, the Court defers ruling on Filing No. 50 in part, grants Filing No. 50 in part, and denies Filing No. 50 in part.

Third, the undersigned notes Defendant uses the word "object" in several of his motions. Based on the context in which Defendant uses the word "object," the undersigned is not construing any of the pending motions as an objection to prior orders. If Defendant would like to object to the undersigned Magistrate Judge's orders, Defendant must (1) label his pleading "Statement of Objections to Magistrate Judge's Order" or "Statement of Objections to Magistrate Judge's Findings and Recommendations," (2) specify which order he is objecting to, and (3) otherwise comply with the requirements in Local Rule 59.2.

Fourth and finally, Defendant makes a few substantive arguments that generally apply to all his pending motions. More specifically, Defendant moves to dismiss the case for lack of jurisdiction. Filing Nos. 34 and 76. "District courts have jurisdiction over violations of federal law." *United States v. Cooper*, No. 4:21-CR-190, 2023 WL 3936724, at *1 (E.D. Mo. May 2, 2023), *report and recommendation adopted by* 2023 WL 3933684 (citing *United States v. Anderson*, 846 Fed. App'x 429, 429 (8th Cir. 2021)). Defendant is charged with violating federal law, specifically 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1). Accordingly, this Court has jurisdiction over the alleged crimes at issue in this case and the undersigned recommends the Court deny Filing Nos. 34 and 76 in part.

Similarly, Defendant also moves the Court to apply Nebraska state law when it rules on his pending motions. Filing Nos. 29, 114, and 132; *see also* Filing No. 87 at 33;

4

Filing No. 87 at 53–54 (arguing the grand jury proceeding was defective because Defendant is governed by state law). Federal law is binding in federal prosecutions.[2] *See, e.g.*, *United States v. Allery*, 526 F.2d 1362, 1364 (8th Cir. 1975) ("[T]he common law evidentiary rules as developed through federal court decisions and supplemented by acts of Congress control in federal criminal cases."); *United States v. Feiste*, 792 F. Supp. 1153, 1155 (D. Neb. 1991) ("As this is a prosecution under federal law, the issues raised by the motion to suppress must be judged by federal law."). Accordingly, the Court denies Filing Nos. 29, 114, and 132 in part. The undersigned notes, however, Defendant is still permitted to cite Nebraska state law as persuasive authority to support his arguments. The Court is typically not obligated to follow state precedent, but it may be persuaded by the reasoning in a state court decision if it is appropriately applicable to the situation at hand.

Finally, Defendant represents to the Court in Filing No. 71 that he presented the motions in good faith. "[T]he term motion generally means '[a]n application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant.'" *United States v. Bloate*, 655 F.3d 750, 756 (8th Cir. 2011) (quoting *Melendez v. United States*, 518 U.S. 120 (1996)). Defendant is not asking the Court for any type of relief with this argument. Filing No. 87 at 82–83. Accordingly, the Court denies Filing No. 71 in part as moot.

## II.    Sovereign Citizen Arguments.

Next, the undersigned notes Defendant believes in a wholly fictious legal system and a vast majority of his motions rely on this fictious law. The Eighth Circuit has repeatedly affirmed the Court should deny these types of arguments as frivolous. *See, e.g.*, *United States v. Simonson*, 563 Fed. App'x 514 (8th Cir. 2014); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992); *see also United States v. Willis*, 101 F.4th 577, 583 (8th Cir. 2024) (citing *United States v. Taylor*, 21 F.4th 94, 102 (3d Cir. 2021)).

---

[2]    The undersigned notes state law may apply in federal prosecutions in very specific, narrow circumstances. *See, e.g.*, *United States v. Moore*, 956 F.2d 843, 848 (8th Cir. 1992) (analyzing warrant pursuant to Nebraska law). Defendant did not point to, nor did the undersigned locate, a circumstance justifying the application of Nebraska law to Defendant's pretrial motions.

Specifically, Defendant invokes his right to have this case governed by ecclesiastical court law to protect his God-given right, as a sovereign citizen, to complete freedom from prosecution.[3] Citing ecclesiastical court law, he seeks joinder of himself as plaintiff so he can move to strike the government as a party and dismiss the case against himself as the sole remaining plaintiff.[4] While creative, these arguments are baseless.

Defendant also frequently reiterates that he has a drug tax stamp and argues this is a legal defense to the pending possession with intent to distribute methamphetamine charge.[5] In the same vein, he argues the instant prosecution is vindictive because the government opted to prosecute Defendant for allegedly selling drugs instead of billing him for taxes owed on the alleged drug sales.[6] Finally, he argues the government should accept a bond—possibly to compensate the government for unpaid taxes[7]—in exchange for dismissing the pending prosecution.[8] Once again, these arguments lack any merit and are baseless. Defendant is not charged with a tax crime and paying taxes on drug sales does not preclude the government from prosecuting him for allegedly selling drugs.

Consistent with Defendant's first two arguments, Defendant moves to subpoena the IRS and/or the tax commissioner for evidence that he has a drug tax stamp, and he is a sovereign citizen.[9] He then argues he is entitled to present this evidence of sovereign citizenship in front of the grand jury, at a preliminary hearing, or at a reopened detention

---

[3] Filing Nos. 21, 35, 62, 70, 71, and 76 (Defendant registered with ecclesiastical court); Filing Nos. 29, 36, 75, 96, 98, 106, 113, 114, 129, and 132 (Court should apply ecclesiastical court law); Filing Nos. 33, 35, 36, 76, and 94 (Defendant cannot be prosecuted pursuant to ecclesiastical court law); Filing No. 16 (moves for judgment from ecclesiastical court); Filing Nos. 75, 76, 104, 105, 106, 107, 112, and 113 (asserts or presents evidence Defendant is a sovereign citizen and/or has a drug tax stamp); Filing Nos. 53, 57, 108, 109, 119, and 127 (pretrial services report is evidence Defendant is a sovereign citizen).

[4] Filing Nos. 20, 21, 33, 34, 36, 55, 60, 62, 75, 98, 100, 106, 108, 109, 110, 112, 113, 127, and 129; *see also* Filing Nos. 57, 108, 109, 110, and 127 (moving to strike government as a third-party).

[5] Filings Nos. 21, 33, 35, 36, 57, 75, 93, 94, 96, 98, 120, 129, and 132.

[6] Filings Nos. 53, 75, and 76.

[7] Defendant also petitions the IRS for tax relief due to hardship. Filing Nos. 75, 114, 120, and 132.

[8] Filing Nos. 53, 70, 76, and 120 (defendant able and willing to provide bond the government should accept in lieu of prosecution); *see also* Filing No. 77 (government should accept bond in lieu of pursuing criminal forfeiture of defendant's property); Filing Nos. 47, 55, 62, 93, 94, 95, 129, and 132 (moves the Court to accept bond and dismiss the instant case like Defendant's child support case accepted a bond); Filing Nos. 47, 55, 62, 129, and 132 (Defendant governed by nuisance law so nuisance bond may issue); Filing No. 55 (government required to dismiss case because Defendant is complying with law by paying taxes).

[9] Filing Nos. 24, 32, 58, 62, 75, 79, 102, 103, and 128; Filing No. 87 at 20, 23, and 75; *see also* Filing Nos. 93 and 94 (moves for subpoenas to the IRS/Tax Commissioner to issue prior to the preliminary hearing so he may present his sovereign citizen evidence at the hearing).

hearing.[10] Defendant also asserts a variety of miscellaneous sovereign citizen arguments. He requests damages from both the government and the government's witnesses for violating his God-given rights.[11] He seeks to subpoena Risk Management to obtain evidence to file a tort claim so he can apply a damages award to pay taxes on his alleged drug sales, obligating the government to dismiss the instant case.[12] Like the rest of Defendant's sovereign citizen arguments, these arguments lack merit and are completely frivolous.

Finally, Defendant seeks to terminate a contract he believes was created when he signed an in forma pauperis form provided by a probation officer. Filing No. 34. He also moves for a separate judgment pursuant to Rule 58(a)(d). Filing No. 98. While not inherently sovereign citizen arguments, neither of these arguments are grounded in legitimate law. The undersigned could not locate a statute or local rule corresponding to the citation "Rule 58(a)(d),"[13] and it is unclear how or why the alleged contract is relevant to the instant criminal prosecution. The undersigned notes Defendant also moves to proceed in forma pauperis, so Filing No. 34 is not intended to dispute his indigent status.

In sum, Defendant's sovereign citizen arguments are grounded in either a completely fictious legal system or a flawed misunderstanding and misapplication of various federal and state statutes and caselaw to support a fictious legal theory. Out of an abundance of caution, because Defendant argues his perceived sovereign status should result in the dismissal of his case, the undersigned does not deny Defendant's motions relying on sovereign citizen arguments outright. Rather, the undersigned recommends the Court deny Filing Nos. 16, 20, 60, 110, and 128 in full and Filing Nos. 21, 24, 29, 32, 33, 34, 35, 36, 47, 53, 55, 57, 58, 62, 70,[14] 71, 75, 76, 77, 79, 93, 94, 95,

---

[10]  Filing Nos. 47 and 96; Filing No. 87 at 53–54 (Defendant alleges there is a defect in the grand jury proceedings because he was not provided an opportunity to present evidence that he is governed by ecclesiastical court law and because any charges related to non-payment of taxes are incorrect).

[11]  Filing Nos. 16, 33, and 34.

[12]  Filing Nos. 24, 32, 62; Filing No. 87 at 20, 23.

[13]  The Court notes that Federal Rule of Civil Procedure 58 addresses separate judgments. However, as this matter is a criminal proceeding, these rules are inapplicable.

[14]  The Court construes Filing No. 70 as a motion pursuant to Defendant's testimony at the June 6 hearing. Filing No. 87 at 81–82.

96, 98, 100, 102, 103, 104, 105, 106, 107, 108, 109, 112, 113, 114, 119, 120, 127, 129, and 132 in part as frivolous in relation to Defendant's sovereign citizen arguments.

### III.    Substantive Issues.

The undersigned now turns to the remainder of Defendant's substantive arguments. First, the undersigned denies any motions relying on arguments the Court previously ruled on during the June 6 hearing as moot. The undersigned then divides Defendant's remaining arguments into four broad categories: (1) motions pertaining to prior proceedings, (2) grounds to dismiss the entire case, (3) evidentiary issues, and (4) issues collaterally related to the prosecution.

### A. *Moot Motions.*

The Court previously ruled on many of the arguments Defendant raises in his pending motions during the June 6 hearing. Accordingly, the Court denies these arguments as moot pursuant to the following analysis.

First, Defendant argues the indictment is defective because he did not receive a preliminary hearing. Filing Nos. 19, 21, 35, 47, 62, 93, 94, 95, 106, 108, 112, 113, 114, and 129; *see also* Filing No. 93 (requests the Court hold preliminary hearing within seven days). The Court previously took judicial notice of the indictment, Filing No. 1, and ruled during the June 6 hearing Defendant is not entitled to a preliminary hearing because he was indicted by grand jury. Filing No. 87 at 27; *see also* Fed. R. Crim. Proc. 5.1(a)(2). The Court denies Filing Nos. 19, 21, 35, 47, 62, 93, 94, 95, 106, 108, 112, 113, 114, and 129 in part as moot.

Second, Defendant moves to withdraw his not guilty plea. Filing Nos. 21, 33, 76, and 111. The Court previously granted Defendant's motion to withdraw pleas—Filing No. 30—and entered Defendant's plea as not guilty pursuant to Federal Rule of Criminal Procedure 11. Filing No. 87 at 33–34; *see also* Fed. R. Civ. Proc. 11(a)(4) ("If a defendant refuses to enter a plea . . . the court must enter a plea of not guilty."). The Court denies Filing No. 111 in full and Filing Nos. 21, 33, 76 in part as moot.

Third, Defendant seeks to reopen the May 23 detention hearing. Filing Nos. 35,[15] 55, 62, 88, 94, 95, 96, 106, 108, 109, 112, 113, 114, 115, 116, 117, 118, 119, 120, 123, and 129. The Court reopened Defendant's detention hearing during the June 6 hearing and denied Defendant's motions for release based, in relevant part, on the pretrial services report, the affidavits attached to the motions filed at the time of the June 6 hearing, and arguments by both parties. Filing No. 87 at 87–88, 91–92. The Court denies the bulk of Defendant's motions seeking to reopen the May 23 detention hearing as moot. Specifically, the Court denies Filing Nos. 88, 115, 117, 118, 123 in full and Filing Nos. 35, 55, 62, 94, 95, 96, 106, 108, 109, 113, 114, 116, 120, and 129 in part as moot.

The undersigned notes, however, that two of Defendant's motions seeking to reopen the May 23 detention hearing contain new arguments not before the Court at the June 6 hearing. Specifically, Defendant asserts in the affidavits attached to Filing No. 112 and 119 (filed July 8) that the pretrial services report erroneously reports Defendant was previously convicted of a felony when the underlying case was vacated. Since Defendant also moves to reopen the June 6 detention hearing, the Court will not deny these motions as moot and will consider this argument in conjunction with the new motions for release from detention (addressed below).

Fourth, Defendant moves to proceed in forma pauperis. Filing Nos. 70, 92, 99, 101, 124,[16] 130, and 133.[17] The Court previously granted another one of Defendant's motions to proceed in forma pauperis in part during the June 6 hearing because Defendant is indigent. Filing No. 87 at 19. Accordingly, the Court denies Filing Nos. 92, 99, 101, 124, 130, and 133 in full and Filing No. 70 in part as moot.

Finally, Defendant moves for "all no notice injunction[s]" to be dissolved, withdrawn, and terminated. Filing No. 125. He also moves to quash all the government's motions. Filing No. 105. Both requests are moot, not because the Court previously ruled on these arguments, but because there are currently no injunctions or pending

---

[15] Although not obvious from the motion itself, Defendant testified during the June 6 hearing that Filing No. 35 is a motion to quash his detention. Filing No. 87 at 42.
[16] The Court construes page 12 of Filing No. 124 as a motion.
[17] The Court construes page 14 of Filing No. 133 as a motion.

government motions in this case. Accordingly, the Court denies Filing No. 125 in full and 105 in part as moot.

**B.  *Motions Pertaining to Prior Proceedings.***

Defendant alleges there were errors in the grand jury proceeding and seeks to reopen the June 6 detention hearing. The undersigned addresses Defendant's arguments pertaining to the grand jury proceeding first.

The grand jury does not determine guilt or innocence, it assesses whether there is probable cause to charge the defendant. *See United States v. Williams*, 504 U.S. 36, 51 (1992). These "proceedings are afforded a strong presumption of regularity, and a defendant seeking to overcome that presumption faces a heavy burden." *United States v. Fenner*, 600 F.3d 1014, 1021 (8th Cir. 2010). The defendant must show a violation affected the grand jury's decision (actual prejudice) for the district court to dismiss an indictment. *United States v. Stewart*, No. 5:19-CR-50167, 2021 WL 3684557, at *3 (D.S.D. May 7, 2021) (citing *Bank of Nova Scotia*, 487 U.S. 250, 254, 263 (1988)).

A defendant is not entitled to present exculpatory evidence at a grand jury proceeding—it is not a "mini-trial." *See United States v. Lame*, 716 F.2d 515, 518 (8th Cir. 1983). The grand jury may consider evidence that is ultimately inadmissible at trial, such as hearsay or evidence obtained in violation of the Fourth Amendment. *United States v. Posadas*, No. 8:09CR147, 2009 WL 3021163, at *2 (D. Neb. Sept. 17, 2009) (citing *United States v. Calandra*, 414 U.S. 338, 349 (1974)); *see also United States v. Bowie*, 618 F.3d 802, 817–18 (8th Cir. 2010).

Defendant argues he is entitled to a preliminary hearing due to errors in the grand jury proceeding. Filing Nos. 36, 47, 75, 93, 95, and 106. As addressed above, Defendant is not entitled to a preliminary hearing because he was indicted by grand jury. The Court nonetheless addresses Defendant's alleged errors, interpreting his arguments as moving for dismissal of the indictment due to errors in the grand jury proceeding.

Specifically, Defendant asserts there was an error in the proceeding because (1) he was not provided an opportunity to present his evidence, (2) the grand jurors may have received bad, misleading, or hearsay evidence, and (3) there was no probable

cause for the traffic stop. Filing No. 36, 47, 75, 93, 95, and 106; Filing No. 87 at 53–54. Defendant did not meet his burden. He is not entitled to present evidence to the grand jury. The grand jury may consider hearsay evidence or evidence the Court ultimately suppresses for trial (i.e., evidence arising from the traffic stop). Defendant did not point to any actual prejudice arising from the grand jury proceedings. Accordingly, the undersigned recommends the Court deny Filing Nos. 36, 47, 75, 93, 95, and 106 in part.

Defendant also moves to reopen detention. Filing Nos. 129 and 131. Accordingly, the undersigned considers whether the Court should reopen the detention hearing. In doing so, the undersigned also considers Defendant's argument in Filing Nos. 112 and 119 that the pretrial services report incorrectly reports Defendant's prior convictions.

The Court may reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

Defendant previously argued, in the affidavits proffered as evidence at the June 6 detention hearing, that the Court should release him because stand-by counsel was ineffective for failing to provide him the pretrial services report prior to the May 23 detention hearing. *See, e.g.*, Filing No. 55-1. Accordingly, this argument is not new and does not provide a basis to reopen detention. Defendant also argues the pretrial services report erroneously indicates he was convicted of a felony in CR-16-3742. Filing Nos. 112 and 119. Moreover, the case number referenced by Defendant does not line up with any of the case numbers associated with Defendant's criminal history on the pretrial services report. *See* Filing No. 8.  Given the lack of clarity and the undersigned's prior findings, the undersigned finds this information is not enough to justify reopening Defendant's detention hearing yet again. The Court denies Filing No. 131 in full and Filing Nos. 112, 119, and 129 in part.

### C. *Grounds to Dismiss the Action.*

Defendant generally argues the Court should dismiss his case because (1) the indictment fails to state a claim, Filing Nos. 34 and 76, (2) the facts indicate dismissal is appropriate, Filing Nos. 53, and (3) the prosecution violates double jeopardy.

First, the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. Proc. 7(c)(1). The indictment must (1) articulate the elements of the offense to fairly inform the defendant of the charge and (2) provide sufficient detail for the defendant to invoke double jeopardy in a future prosecution. *United States v. Morris*, 18 F.3d 562, 568 (8th Cir. 1994) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "An indictment is normally sufficient if its language tracks the statutory language." *United States v. Sewell*, 513 F.3d 820, 821 (2008). The indictment in the instant case is sufficient. It tracks the statutory language of 21 U.S.C. §§ 841(a)(1), (b)(1), 21 U.S.C. § 851 and 21 U.S.C. § 853. The undersigned recommends the Court deny Filing Nos. 34 and 76 in part.

Second, Defendant argues the Court should dismiss his case because he did not break the law and, thus, the government is vindictively prosecuting him to retaliate for the dismissal of his state court cases. Filing No. 53 (citing Fed. R. Crim. Proc. 12(b)(3)(A)(iv) (selective or vindictive prosecution defense)).

Prosecutors have broad discretion to enforce criminal laws. *United States v. Armstrong*, 517 U.S. 456, 456 (1996). A presumption of regularity supports prosecutorial decisions and, "in the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties." *Id.* at 464 (quotation omitted). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Id.* (quotation omitted).

"Vindictive prosecution occurs when a prosecutor seeks to punish a defendant solely for exercising a valid legal right." *United States v. Williams*, 793 F.3d 957, 963 (8th Cir. 2015) (citing *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004)). "A prosecution designed solely to punish a defendant for exercising a valid legal right

violates due process." *Leathers*, 354 F.3d at 961. "It is the defendant's burden to show that the prosecution was brought in order to punish the defendant for the exercise of a legal right." *Id.* Given the broad discretion given to prosecutors in performing their duties, the defendant's burden to show vindictive prosecution is a heavy one. *Williams*, 793 F.3d at 963.

To prove prosecutorial vindictiveness, a defendant must present "objective evidence of the prosecutor's vindictive or improper motive in increasing the number or severity of charges." *United States v. Chappell*, 779 F.3d 872, 879 (8th Cir. 2015) (internal quotation omitted). "Absent such evidence, a defendant may, in rare instances, rely upon a presumption of vindictiveness, if he provides sufficient evidence to show a reasonable likelihood of vindictiveness exists." *Id.* (quotations omitted). In determining whether the presumption of vindictiveness should apply, a court examines "the prosecutor's actions in the context of the entire proceedings." *Id.* at 880 (quotation omitted). "The fact that the federal government prosecutes a federal crime in a federal court that could or has been prosecuted as a state crime in state court does not itself violate due process." *United States v. Beede*, 974 F.2d 948, 952 (8th Cir. 1992) (no presumption of vindictiveness arose when defendant was prosecuted on federal charges after he refused to plead guilty on state charges).

The only evidence Defendant presents in support of his vindictive prosecution argument are the assertions in his affidavit that he did not break the law and his state court cases were dismissed. The grand jury found there was probable cause to indict Defendant. Whether Defendant committed the alleged crime is a question for the factfinder at trial. Defendant did not present any evidence regarding the state court cases, such as whether the state court cases arose out of the same facts as the instant case. Defendant did not fulfill his heavy burden to prove vindictive prosecution. Neither Defendant's evidence nor the context of this proceeding indicates the government is vindictively prosecuting Defendant. Accordingly, the undersigned recommends the Court deny Filing No. 53 in part.

Third, the states and the federal governments are separate sovereigns. *Gamble v. United States*, 587 U.S. 678, 688–89 (2019). Thus, the dual-sovereignty doctrine permits

the federal government to prosecute a defendant under a federal statute, even if a State previously prosecuted the defendant for the same conduct under state law, without violating double jeopardy. *Id.* at 681. Defendant argues the instant case violates double jeopardy because he was previously prosecuted in two state court cases: CR-24-409 and CR-23-13420.[18] However, because a state and the federal government may both prosecute Defendant for the same conduct without violating double jeopardy, the undersigned recommends the Court deny Filing Nos. 21, 35, 53, 55, 58, 75, 76, 98, 100, 106, 107, 112, 114, and 129 in part.

The Court denies Defendant's motions to consolidate using the same rationale. Defendant moves to consolidate the instant case with the same two state court cases (CR-23-13420 and CR-24-409).[19] Filing Nos. 21, 22, and 33. Since the federal government and the states are separate sovereigns, the Court cannot consolidate a case brought by one sovereign (the state) with a case brought by the other sovereign (the federal government). Accordingly, the Court denies Filing Nos. 21, 22, and 33 in part.

### D. *Evidentiary Issues.*

Defendant generally moves to obtain evidence and exclude evidence. The undersigned first addresses Defendant's motions to obtain evidence before turning to Defendant's motion in limine and motion to suppress.

### i. *Motions to Obtain Evidence.*

First, Defendant generally moves to obtain discovery pursuant to Federal Rule of Criminal Procedure 16. Filing No. 91. The Court grants Filing No. 91 and orders the government to comply, to the extent it has not already done so, with the disclosure requirements set forth in this Court's Progression Order. Filing No. 12.

---

[18] Filing Nos. 53, 55, 58, 76, 98, 100, 107, and 112; *see also* Filing No. 114 (moving the Court to dismiss the case pursuant to collateral estoppel or res judicata); Filing Nos. 21, 35, 75, 106, and 129 (seeking dismissal of the instant case on the grounds that his previous cases were dismissed).

[19] Defendant initially also moved to consolidate the instant case with another federal case (8:06-CR-123). During the June 6 hearing, Defendant testified he was no longer asking the Court to consolidate 8:06-CR-123 and the instant case. Filing No. 87 at 18. The Court now grants Defendant's oral motion to withdraw and deems the pertinent portions of Filing Nos. 21, 22, and 33 withdrawn.

Second, Defendant moves to subpoena the public docket of case numbers CR-23-13420 and CR-24-409 from the County Court, the Clerk of the City of Lincoln, and the Clerk of the District Court. Filing Nos. 24, 32, 62, 79, 102, and 103; Filing No. 87 at 37.

Federal Rule of Criminal Procedure 17 governs subpoenas to obtain documents. "A party seeking to serve and enforce compliance with subpoenas issued in a criminal case must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Manzi*, No. 4:19CR3094, 2022 WL 874598, at *4 (D. Neb. Mar. 24, 2022) (quoting *United States v. Nixon*, 418 U.S. 683, 702 (1974)).

Defendant indicated in Filing No. 79 that he is subpoenaing these documents as evidence to support his double jeopardy argument. As addressed above, the undersigned recommends the Court deny Defendant's double jeopardy argument pursuant to the dual sovereignty doctrine. Since Defendant's double jeopardy argument lacks merit, the documents Defendant seeks to subpoena are irrelevant. Additionally, Defendant testified he is seeking documents available on the public docket, Filing No. 87 at 37, but did not show he was unable to procure these documents through other channels with an exercise of due diligence.[20] The Court denies Defendant's motions for subpoenas. Specifically, the Court denies Filing Nos. 24, 32, 62, 79, 102, and 103 in part.

### ii. *Motions to Exclude Evidence.*

Defendant also moves to exclude evidence at trial. The undersigned divides these arguments into a construed motion in limine and a construed motion to suppress.

---

[20] The undersigned notes Defendant included an order issued in CR-24-409 in Filing No. 124 at 19 and Filing No. 133 at 21, indicating Defendant is able to obtain access to the public docket in the state court cases.

**Motion in Limine**:

Defendant generally moves to exclude all the government's evidence and witnesses. Filing Nos. 33, 34,[21] 35,[22] 57, 58, 62, 107, 108, and 113. He also moves to impeach the government's witnesses[23] and requests the Court timely grant his motion in limines. Filing No. 62, 75, 93, 94, 104, 113, 127, and 129. The Court interprets these portions of Filing Nos. 33, 34, 35, 57, 58, 62, 93, 94, 104, 107, 108, 113, 127, and 129 as duplicative prayers for relief pertaining to Defendant's sole motion in limine—Filing No. 75. Accordingly, the Court denies Filing Nos. 33, 34, 35, 57, 58, 62, 93, 94, 104, 107, 108, 113, 127, and 129 in part as duplicative.

In Filing No. 75, Defendant argues the Court should exclude the testimony of the officers and confidential informants pertaining to the weight (amount) of drugs Defendant allegedly sold during controlled buys. This motion is premature. The Court's progression order provides it may summarily deny motions in limine filed earlier than fourteen (14) days before trial. Filing No. 12. The undersigned recommends the Court deny Filing No. 75 in part without prejudice to reassertion prior to trial.

**Motion to Suppress**:

Defendant requests a continuance of his motion to suppress deadline until after the Court rules on the issues addressed at the June 6 hearing. Filing No. 76. The Court grants Filing No. 76 in part and orders Defendant to file any amended motion to suppress by August 16, 2024. The Court finds good cause has been shown to continue Defendant's deadline to file an amended motion to suppress.

During the June 6 hearing, the Court set a June 14 deadline for Defendant to file an amended motion to suppress. Filing No. 87 at 87. On June 11, Defendant mailed Filing No. 76 requesting an extension of the deadline to file an amended motion to suppress until after the undersigned ruled on the motions pending at the June 6 hearing. The government responded to Defendant's sole motion to suppress—Filing No. 58—on July

---

[21] *See* Filing No. 87 at 38 (motion in limine issue not obvious from face of motion).
[22] *See* Filing No. 87 at 42 (motion in limine issue not obvious from face of motion).
[23] The Court previously granted Defendant's request to impeach and noted Defendant may impeach witnesses to the extent any other litigant in federal court may impeach under to the federal rules. Filing No. 87 at 6.

8. The Court received and filed Filing Nos. 106, 107, and 122 on July 8. Filing Nos. 127, 129, and 134 were filed on July 16.

The Court construes Filing Nos. 106, 107, and 127 as Defendant's amended motion to suppress.[24] These motions supersede Defendant's first motion to suppress, Filing No. 58, and the Court denies Filing No. 58 in part as moot. The Court denies Filing No. 129 in part as a duplicative prayer for relief on the motion to suppress.

Although Filing Nos. 122 and 134 are titled motions in limine, the Court construes both filings as briefs submitted in support of all of Defendant's motions, including Defendant's amended motion to suppress. Should Defendant file a second amended motion to suppress by August 16, 2024, that motion will supersede Filing Nos. 106, 107, 122, 127, and 134 and, should that occur, the Court will deny those motions and briefing as moot and only consider the newly filed motion to suppress and associated brief.

The government may file a brief in response to Defendant's amended motion to suppress (or second amended motion to suppress, should such be filed) by August 30, 2024. If the government does not timely file a response, the Court will presume the government intends to rely on its previously filed brief.

### E. *Collateral Issues.*

Finally, Defendant moves the Court to grant relief on issues collaterally related to the prosecution. First, it appears Defendant is moving to preemptively request release from detention so, if the case is dismissed, he need not remain detained until the speedy trial clock runs out.[25] Filing No. 19 (citing Neb. Rev. Stat. § 29-1208 (speedy trial)); Filing No. 87 at 9–10. The Court denies Filing No. 19 in part with regard to Defendant's speedy trial argument—speedy trial protects Defendant's right to a timely trial; it does not require Defendant to remain detained for an arbitrary amount of time if his case is dismissed.

---

[24] As addressed above, the Court will not deny, in this Order, any of the pretrial motions currently pending as untimely because they were filed after the pretrial motions deadline lapsed, although it is unlikely to be as lenient in the future.

[25] "Just in case I do get the case dismissed, sometimes you gotta put discharge on there 'cause you'll still kind of still be sitting here till the six months speedy trial is over." Filing No. 87 at 10. This motion cites the Nebraska state speedy trial statute.

Second, Defendant moves for the return of his property. *See* Filing Nos. 58, 98, 107, and 116 (requesting the return of Defendant's property generally). Specifically, he requests the return of $3,000 and $900 (or $800), Filing Nos. 76, 77, and 126, as well as the return of his phone, state ID, wallet, and any other property the government possesses. Filing Nos. 122 (brief), 126 and 127. The Court denies Filing Nos. 58, 98, 107, and 116 in part as duplicative, general requests to return Defendant's property.

The undersigned addresses the cash first. The government is seeking criminal forfeiture of $853 seized from Defendant's person and $2,495 seized from his apartment. Filing No. 1. A defendant may move for the return of property pursuant to Federal Rule of Criminal Procedure 41(g). The defendant must first "establish lawful entitlement to the property," then the burden shifts to the government to "establish a legitimate reason to retain the property." *Jackson v. United States*, 526 F.3d 394, 396–97 (8th Cir. 2008). The Court must hold an evidentiary hearing "on any factual issue necessary to decide the motion." Fed. R. Crim. Proc. 41(g). The Court is not required to hold an evidentiary hearing if "it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property." *United States v. Howard*, 973 F.3d 892, 894 (8th Cir. 2020). The Court should deny a Rule 41(g) motion if "the government's need for the property as evidence continues." *Jackson*, 526 F.3d at 397 (quoting *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002)).

There is no need to hold an evidentiary hearing regarding the cash at this point in the proceedings. The case is still in the pretrial phase and Defendant is not entitled to cash the government seized as evidence for trial. Filing No. 90 at 13 (government asserts it may use cash as evidence at trial); *cf. United States v. Rusan*, No. S1-4:19CR469, 2023 WL 2967791, at *1 (E.D. Mo. Apr. 17, 2023). The Court denies Defendant's motions for return of the seized cash without prejudice to later assertion. Specifically, the Court denies Filing Nos. 76, 77, and 126 in part without prejudice.

Next, the undersigned turns to the Defendant's remaining property. It is not clear in Filing Nos. 122 (brief), 126, or 127 why or how the government possesses Defendant's state ID, phone, or wallet. All three documents were mailed after the pretrial motions deadline lapsed and, thus, were presumptively untimely, so the government was not

ordered to respond to Filing Nos. 126 or 127. Accordingly, the Court defers ruling on Filing Nos. 126 and 127 in part until the government responds. The government shall respond to Filing Nos. 126 and 127 within seven days of the date of this Order. Once obtaining the government's briefing on this issue (or the lapse of the deadline), the Court will determine the propriety of an evidentiary hearing on these issues.

## CONCLUSION

IT IS HEREBY RECOMMENDED to the Honorable Susan M. Bazis, United States District Judge, as follows:

1. The Court should deny Filing Nos. 16, 20, 36, 53, 60, 100, 110, and 128 in full.
2. The Court should deny Filing Nos. 21, 24, 29, 32, 33, 34, 35, 47, 55, 57, 58, 62, 70, 71, 75, 76, 77, 79, 93, 94, 95, 96, 98, 102, 103, 104, 105, 106, 107, 108, 109, 112, 113, 114, 119, 120, 127, 129, and 132 in part, as is set forth herein.
3. The Court should deny Filing No. 75 in part without prejudice, as is set forth herein.

The Defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this Court may be held to be a waiver of any right to appeal the Court's adoption of the recommendation.

IT IS FURTHER ORDERED:

1. Filing Nos. 19, 88, 92, 99, 101, 111, 115, 116, 117, 118, 123, 124, 125, 130, 131, and 133 are denied in full.
2. Filing Nos. 21, 22, 24, 29, 32, 33, 34, 35, 47, 50, 55, 57, 58, 62, 70, 71, 76, 79, 93, 94, 95, 96, 98, 102, 103, 104, 105, 106, 107, 108, 109, 112, 113, 114, 119, 120, 127, 129, and 132 are denied in part, as is set forth herein.
3. Filing Nos. 76, 77, and 126 are denied in part without prejudice, as is set forth herein.
4. Filing Nos. 21, 22, and 33 are deemed withdrawn in part, as is set forth herein.

5. The Court defers ruling on Filing Nos. 50, 106, 107, 126, and 127 in part. **The government may respond to Filing Nos. 126 and 127 within seven days of the date of this Order**. These matters will not be deemed submitted until this deadline lapses.

6. Filing No. 91 is granted in full. **To the extent it has not already done so, the government is ordered to comply with the disclosure requirements set forth in this Court's Progression Order**. *See* Filing No. 12.

7. The Court construes the following filings as follows:

    a. Filing No. 70 is a motion.

    b. Page 12 of Filing No. 124 is a motion.

    c. Page 14 of Filing No. 133 is a motion.

8. **<u>Motion to Suppress:</u>**

    a. The Court construes the remaining portions of Filing Nos. 106, 107, and 127 as Defendant's amended motion to suppress.

    b. The Court construes Filing Nos. 122 and 134 as Defendant's briefs in support of his pending motions, including his amended motion to suppress.

    c. Filing No. 76 is granted in part. Defendant's request to extend his deadline to file an amended motion to suppress is granted. **Defendant may file an amended motion to suppress on or before <u>August 16, 2024</u>**. If Defendant does not timely file an amended motion to suppress, the Court will presume Defendant intends to rely on Filing Nos. 106, 107, 122, 127, and 134 as his motion to suppress.

    d. **The government may file a response to Defendant's amended motion to suppress on or before <u>August 30, 2024</u>**. If the government does not timely file a response, the Court will presume the government intends to rely on its previously filed brief.

    e. Filing No. 50 is granted in part. The Court will enter a separate order setting the motion to suppress for an evidentiary hearing.

Dated this 7th day of August, 2024.

BY THE COURT:

_s/ Jacqueline M. DeLuca_
United States Magistrate Judge

**ATTACHMENT A**

| Filing Number | Argument | Rulings by Argument | Final Ruling on Motion |
|---|---|---|---|
| **16** | Sovereign citizen. | Recommends Court should deny as frivolous. (Part II). | Recommends Court should deny. |
| **19** | Preliminary hearing. | Denied as moot. (III.A). | Denied. |
| | Speedy trial. | Denied. (III.E). | |
| **20** | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Recommends Court should deny. |
| **21** | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied and deemed withdrawn in part, recommends Court should deny remainder of motion. |
| | 1. Preliminary hearing.<br>2. Withdraw not guilty plea. | Denied as moot. (III.A). | |
| | Double jeopardy. | Recommends Court should deny. (III.C). | |
| | Consolidation. | Denied. (III.C). | |
| | No longer seeking consolidation. | Deemed withdrawn. (III.C n.19). | |
| **22** | Consolidation. | Denied. (III.C). | Denied in part; deemed withdrawn in part. |
| | No longer seeking consolidation. | Deemed withdrawn. (III.C n.19). | |
| **24** | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
| | Subpoena. | Denied. (III.D.i). | |
| **29** | Apply Nebraska state law. | Denied. (I). | Denied in part, recommends Court should deny the remainder of motion. |
| | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | |
| **32** | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court |

| | | | |
|---|---|---|---|
| | Subpoena. | Denied. (III.D.i). | should deny the remainder of motion. |
| **33** | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied and deemed withdrawn in part, recommends Court should deny remainder of motion. |
| | Withdraw not guilty plea. | Denied as moot. (III.A). | |
| | Consolidation. | Denied. (III.C). | |
| | No longer seeking consolidation. | Deemed withdrawn. (III.C. n.19). | |
| | Prayer for motion in limine relief. | Denied as duplicative. (III.D.ii). | |
| **34** | Jurisdiction. | Recommends Court should deny. (I). | Denied in part, recommends Court should deny the remainder of motion. |
| | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | |
| | Indictment fails to state claim. | Recommends Court should deny. (III.C). | |
| | Prayer for motion in limine relief. | Denied as duplicative. (III.D.ii). | |
| **35** | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
| | 1. Preliminary hearing. 2. Reopen May 23 detention hearing. | Denied as moot. (III.A). | |
| | Double jeopardy. | Recommends Court should deny. (III.C). | |
| | Prayer for motion in limine relief. | Denied as duplicative. (III.D.ii). | |
| **36** | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Recommends Court should deny motion. |
| | Error in grand jury proceeding. | Recommends Court should deny. (III.B). | |

| 47 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
|---|---|---|---|
| | Preliminary hearing. | Denied as moot. (III.A). | |
| | Error in grand jury proceeding. | Recommends Court should deny. (III.B). | |
| 50 | Evidentiary hearing. | Granted in part, denied in part, deferred ruling in part. (I). | Granted in part, denied in part, and deferred ruling in part. |
| 53 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Recommends Court should deny. |
| | 1. Vindictive prosecution.<br>2. Double jeopardy. | Recommends Court should deny. (III.C). | |
| 55 | Evidentiary hearing. | Denied as duplicative. (I). | Denied in part, recommends Court should deny the remainder of motion. |
| | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | |
| | Reopen May 23 detention hearing. | Denied as moot. (III.A). | |
| | Double jeopardy. | Recommends Court should deny. (III.C). | |
| 57 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
| | Prayer for motion in limine relief. | Denied as duplicative. (III.D.ii). | |
| 58 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
| | Double jeopardy. | Recommends Court should deny. (III.C). | |
| | Prayer for motion in limine relief. | Denied as duplicative. (III.D.ii). | |

|  | First (superseded) motion to suppress. | Denied as moot. (III.D.ii). |  |
|  | Return of property. | Denied as duplicative. (III.E). |  |
| 60 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Recommends Court should deny. |
| 62 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
|  | 1. Preliminary hearing.<br>2. Reopen May 23 detention hearing. | Denied as moot. (III.A). |  |
|  | Subpoena. | Denied. (III.D.i). |  |
|  | Prayer for motion in limine relief. | Denied as duplicative. (III.D.ii). |  |
| 70 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | 1. Court construes as a motion. (II n.16).<br>2. Denied in part, recommends Court should deny the remainder of motion. |
|  | In forma pauperis. | Denied as moot. (III.A). |  |
| 71 | Good faith. | Denied as moot. (I). | Denied in part, recommends Court should deny the remainder of motion. |
|  | Sovereign citizen. | Recommends Court should deny as frivolous (II). |  |
| 75 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Recommends Court should deny motion in limine argument without prejudice. Recommends Court should deny remainder of motion with prejudice. |
|  | Error in grand jury proceeding. | Recommends Court should deny. (III.B). |  |
|  | Double jeopardy. | Recommends Court should deny. (III.C). |  |
|  | Motion in Limine. | Recommends Court should deny without prejudice. (III.D.ii). |  |

| 76 | Jurisdiction. | Recommends Court should deny. (I). | Denied in part, denied in part without prejudice, recommends Court should deny in part, granted in part. |
| | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | |
| | Withdraw not guilty plea. | Denied as moot. (III.A). | |
| | 1. Indictment fails to state claim. 2. Double jeopardy. | Recommends Court should deny. (III.C). | |
| | Continuance of motion to suppress deadline. | Grant. (III.D.ii). | |
| | Return of cash. | Denied without prejudice. (III.E). | |
| 77 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part without prejudice, recommends Court should deny remainder of motion. |
| | Return of cash. | Denied without prejudice. (III.E). | |
| 79 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
| | Subpoena. | Denied. (III.D.i). | |
| 88 | Reopen May 23 detention hearing. | Denied as moot. (III.A). | Denied. |
| 91 | Discovery. | Granted. (III.D.i). | Granted. |
| 92 | In forma pauperis. | Denied as moot. (III.A). | Denied. |
| 93 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
| | Preliminary hearing. | Denied as moot. (III.A). | |
| | Error in grand jury proceeding. | Recommends Court should deny. (III.B). | |
| | Prayer for motion in limine relief. | Denied as duplicative. (III.D.ii). | |
| 94 | Evidentiary hearing. | Denied as duplicative. (I). | |

| | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
|---|---|---|---|
| | 1. Preliminary hearing.<br>2. Reopen May 23 detention hearing. | Denied as moot. (III.A). | |
| | Prayer for motion in limine relief. | Denied as duplicative. (III.D.ii). | |
| 95 | Evidentiary hearing. | Denied as duplicative. (I). | Denied in part, recommends Court should deny the remainder of motion. |
| | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | |
| | 1. Preliminary hearing.<br>2. Reopen May 23 detention hearing. | Denied as moot. (III.A). | |
| | Error in grand jury proceeding. | Recommends Court should deny. (III.B). | |
| 96 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
| | Reopen May 23 detention hearing. | Denied as moot. (III.A). | |
| 98 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
| | Double jeopardy. | Recommends Court should deny. (III.C). | |
| | Return of property. | Denied as duplicative. (III.E). | |
| 99 | In forma pauperis. | Denied as moot. (III.A). | Denied. |
| 100 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Recommends Court should deny. |
| | Double jeopardy. | Recommends Court should deny. (III.C). | |
| 101 | In forma pauperis. | Denied as moot. (III.A) | Denied. |

27

| 102 | Sovereign citizen. | Recommends Court should deny as frivolous. (II) | Denied in part, recommends Court should deny the remainder of motion. |
| | Subpoena. | Denied. (III.D.i). | |
| 103 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
| | Subpoena. | Denied. (III.D.i). | |
| 104 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
| | Prayer for motion in limine relief. | Denied as duplicative. (III.D.ii). | |
| 105 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
| | Quash government's motions. | Denied as moot. (III.A). | |
| 106 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | 1. Denied in part. recommends Court should deny in part.<br>2. Ruling on motion to suppress arguments deferred until fully submitted. |
| | 1. Preliminary hearing.<br>2. Reopen May 23 detention hearing. | Denied as moot. (III.A). | |
| | Error in grand jury proceeding. | Recommends Court should deny. (III.B). | |
| | Double jeopardy. | Recommends Court should deny. (III.C). | |
| | Amended motion to suppress. | Ruling deferred. (III.D.ii). | |
| 107 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | 1. Denied in part. Recommends Court should deny in part.<br>2. Ruling on motion to suppress arguments |
| | Double jeopardy. | Recommends Court should deny. (III.C). | |
| | Prayer for motion in limine relief. | Denied as duplicative. (III.D.ii). | |

|  | Amended motion to suppress. | Ruling deferred. (III.D.ii). | deferred until fully submitted. |
|---|---|---|---|
|  | Return of property. | Denied as duplicative. (III.E). |  |
| **108** | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
|  | 1. Preliminary hearing.<br>2. Reopen May 23 detention hearing. | Denied as moot. (III.A). |  |
|  | Prayer for motion in limine relief. | Denied as duplicative. (III.D.ii). |  |
| **109** | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
|  | Reopen May 23 detention hearing. | Denied as moot. (III.A). |  |
| **110** | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Recommends Court should deny. |
| **111** | Withdraw not guilty plea. | Denied as moot. (III.A). | Denied. |
| **112** | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
|  | Preliminary hearing. | Denied as moot. (III.A). |  |
|  | Reopen June 6 detention hearing. | Denied. (III.B). |  |
|  | Double jeopardy. | Recommends Court should deny. (III.C). |  |
| **113** | Evidentiary hearing. | Denied as duplicative. (I). | Denied in part, recommends Court should deny the remainder of motion. |
|  | Sovereign citizen. | Recommends Court should deny as frivolous. (II). |  |
|  | 1. Preliminary hearing.<br>2. Reopen May 23 detention hearing. | Denied as moot. (III.A). |  |

| | | | |
|---|---|---|---|
| | Prayer for motion in limine relief. | Denied as duplicative. (III.D.ii). | |
| **114** | Apply Nebraska state law. | Denied. (I). | Denied in part, recommends Court should deny the remainder of motion. |
| | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | |
| | 1. Preliminary hearing.<br>2. Reopen May 23 detention hearing. | Denied as moot. (III.A). | |
| | Double jeopardy. | Recommends Court should deny. (III.C). | |
| **115** | Reopen May 23 detention hearing. | Denied as moot (III.A). | Denied. |
| **116** | Reopen May 23 detention hearing. | Denied as moot (III.A). | Denied. |
| | Return of property. | Denied as duplicative. (III.E). | |
| **117** | Reopen May 23 detention hearing. | Denied as moot (III.A). | Denied. |
| **118** | Reopen May 23 detention hearing. | Denied as moot (III.A). | Denied. |
| **119** | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
| | Reopen June 6 detention hearing. | Denied. (III.B). | |
| **120** | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
| | Reopen May 23 detention hearing. | Denied as moot (III.A). | |
| **122** | N/A | N/A | Court construes as a brief. |
| **123** | Reopen May 23 detention hearing. | Denied as moot (III.A). | Denied. |

| 124 | In forma pauperis. | Denied as moot. (III.A) | 1. Court construes page 12 as a motion.<br>2. Denied. |
| 125 | Withdraw injunctions. | Denied as moot. (III.A) | Denied. |
| 126 | Return of cash. | Denied in part without prejudice. (III.E). | Denied in part without prejudice. Ruling on remainder of motion deferred until fully submitted. |
|  | Return of other property. | Ruling deferred. (III.E). |  |
| 127 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | 1. Denied in part, recommends Court should deny in part.<br>2. Ruling on motion to suppress arguments deferred until fully submitted.<br>3. Ruling on motion to return property arguments deferred until fully submitted. |
|  | Prayer for motion in limine relief. | Denied as duplicative. (III.D.ii). |  |
|  | Amended motion to suppress. | Ruling deferred. (III.D.ii). |  |
|  | Return of other property. | Ruling deferred. (III.E). |  |
| 128 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Recommends Court should deny. |
| 129 | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | Denied in part, recommends Court should deny the remainder of motion. |
|  | 1. Preliminary hearing.<br>2. Reopen May 23 detention hearing. | Denied as moot. (III.A). |  |
|  | Reopen June 6 detention hearing. | Denied. (III.B). |  |
|  | Double jeopardy. | Recommends Court should deny. (III.C). |  |
|  | Prayer for motion in limine and motion to suppress relief. | Denied as duplicative. (III.D.ii). |  |

| 130 | In forma pauperis. | Denied as moot. (III.A) | Denied. |
|---|---|---|---|
| 131 | Reopen June 6 detention hearing. | Denied. (III.B). | Denied. |
| 132 | Apply Nebraska state law. | Denied. (I). | Denied in part, recommends Court should deny the remainder of motion. |
| | Sovereign citizen. | Recommends Court should deny as frivolous. (II). | |
| 133 | In forma pauperis. | Denied as moot. (III.A) | 1. Court construes page 14 as a motion.<br>2. Denied. |
| 134 | N/A | N/A | Court construes as a brief. |