IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JAMAAL MCNEIL,

Defendant.

**4:24CR3048**

**MEMORANDUM AND ORDER**

Pending before the Court are three pretrial motions, Filing Nos. 50, 126, and 127, the Court deferred ruling on in part in its Findings, Recommendation, and Order dated August 7, 2024. Also pending before the Court are an additional twenty pretrial motions, Filing Nos. 139, 140, 144, 145, 146, 147, 148, 149, 150, 151, 155, 156, 157, 159, 160, 162, 163, 164, 167, and 168, filed by pro se Defendant Jamaal McNeil. The Court addresses each of Defendant's pending motions as set forth below.

**BACKGROUND AND PROCEDURAL HISTORY**

The Court set the pretrial motions deadline for June 13, 2024. Filing No. 12. In its Findings, Recommendation, and Order dated August 7, 2024 ("August Order"), the Court considered sixty-six pretrial motions filed up until that point. Filing No. 135. In relevant part, the Court deferred ruling in part on Defendant's motion for an evidentiary hearing, Filing No. 50, until the government responded to Defendant's motions to return property, Filing Nos. 126 and 127. *See* Filing No. 137 (government's response). The Court also extended Defendant's deadline to file an amended motion to suppress until August 16, 2024 but did not otherwise extend the June 13, 2024 pretrial motions deadline. Finally, the Court set an evidentiary hearing on Defendant's motion to suppress.

1

Defendant subsequently filed an additional twenty pretrial motions. The Court rules on these motions as outlined below. Defendant also filed ten other motions and/or objections to the August Order, Filing Nos. 138, 141, 142, 152, 153, 154, 158, 161, 165, and 166, currently pending before the District Court judge.

**ANALYSIS**

## I.     Property Motions.

The Court denied Defendant's motions for return of cash without prejudice. Filing No. 135 at 18. Defendant subsequently reasserted his motions for return of cash by filing two motions seeking the return of $900 and $2,900 (or $3,000).[1] Filing Nos. 150 and 163. The Court deferred ruling on Defendant's motions to return his state ID, phone, wallet, and any other property the government possesses, Filing Nos. 126 and 127, until the government responded. Filing No. 135 at 18–19. The Court also deferred ruling on Defendant's motion for evidentiary hearing, Filing No. 50, in part until the property motions were fully submitted.

A defendant may move for the return of property pursuant to Federal Rule of Criminal Procedure 41(g). The defendant must first "establish lawful entitlement to the property," then the burden shifts to the government to "establish a legitimate reason to retain the property." *Jackson v. United States*, 526 F.3d 394, 396–97 (8th Cir. 2008). "The [C]ourt should afford the movant an opportunity to meet [their] burden, which may include, but does not require, an evidentiary hearing." *Id.* at 396.

The government did not submit any evidence (such as an affidavit) to support its assertion that it intends to use the property at issue at trial. *Cf. United States v. Brown*, No. 19-00315-08, 2022 WL 3334452, at *10 (W.D. Mo. July 20, 2022). In addition, neither Defendant nor the government articulated what, if any, other property the government seized from Defendant.

Given Defendant's pro se status, the lack of clarity in his motions, and the lack of evidence pertaining to these motions, the Court finds it prudent to hold an evidentiary

---

[1]  The government is seeking criminal forfeiture of $853 seized from Defendant's person and $2,495 from his apartment. Filing No. 1.

hearing on Defendant's pending property motions: Filing Nos. 126, 150, and 163. Accordingly, the Court also grants Defendant's motion for an evidentiary hearing, Filing No. 50, in part.[2] Since the property arguments in Filing No. 127 are duplicative of the arguments in Filing No. 126, the Court denies Filing No. 127 in part.[3] The government and Defendant are directed to be prepared to address at this hearing Defendant's new motions for return of cash as well as Defendant's motion for the return of his other property, including the state ID, phone, and wallet.[4] The Court will enter a separate order setting the hearing.

## II.    Motions to Extend Pretrial Motions Deadline.

__Filing No. 146__:

Defendant moves to withdraw (1) the motion to suppress and (2) a newly filed motion in limine—Filing No. 149. He seeks to replace these motions with the new pretrial motions he filed after the August Order. He also indicates he is not ready to file a motion to suppress and seemingly requests a continuance of the motion to suppress deadline until after the Court rules on his objections to the undersigned's recommendations in the August Order. The Court previously denied Defendant's first motion to suppress, Filing No. 58, in part as moot and construed Defendant's subsequent filings, Filing Nos. 106, 107, and 127, as Defendant's operative motion to suppress. Filing No. 135 at 16 (Part III.D.i).

The Court now grants Defendant's motion in part. Filing Nos. 106, 107, 127, and 149 are withdrawn. The evidentiary hearing on Defendant's motion to suppress currently scheduled for October 3, 2024 is cancelled. The Court rules on Defendant's newly filed pretrial motions in the instant Order.

---

[2]  The Court notes it ruled on the remainder of Filing No. 50 in its August Order.

[3]  Later in this Order, the Court will grant Defendant's motion to withdraw the remainder of Filing No. 127 because the Court previously construed Filing No. 127 as part of Defendant's amended motion to suppress in the August Order. The Court already ruled upon (or recommended rulings for) any remaining arguments in Filing No. 127 in the August Order.

[4]  The Court reminds the parties it previously construed Filing No. 122 as Defendant's brief in support of his motions to return property. The government's briefs are located at Filing Nos. 90 and 137. Absent Court order, the parties shall not file additional briefing prior to the hearing.

The Court notes it has not granted <u>any</u> motions to exclude evidence from trial in this case. It previously granted Defendant's motion to impeach, Filing No. 17, during the June 6 hearing. Granting this motion to impeach did <u>not</u> exclude the government's witnesses or evidence prior to trial. Rather, as the Court warned Defendant during the hearing[5] and in the August Order,[6] granting this motion affirms Defendant may impeach witnesses on the stand at trial or a hearing like any other attorney consistent with the Federal Rules of Evidence. "Impeach" in this context is a legal term of art meaning "[to] discredit the veracity of (a witness)." *Impeach*, Black's Law Dictionary (12th ed. 2024).

If Defendant wishes to exclude evidence prior to trial he must either (1) file an amended motion to suppress or (2) file a motion indicating he wishes to reinstate his withdrawn motion to suppress (Filing Nos. 106, 107, and 127). The Court will reset the deadline for Defendant to file a motion to suppress or a motion to reinstate after the Court rules on Defendant's pending objections to the August Order. Pursuant to the Court's progression order, Filing No. 12, Defendant may also file a motion in limine addressed to matters at trial no earlier than fourteen (14) days before a scheduled trial date and no later than two (2) business days before trial. Any motions filed outside this time period may be summarily denied.

Finally, Defendant also moves for release in Filing No. 146, which the Court interprets as a motion to reopen detention. Defendant did not provide a basis for reopening detention. This argument is denied along with the arguments in Filing No. 146

---

[5] THE COURT: So first off, one thing that I just want to remind you of is, you know, like anyone who would be represented by counsel, you would be bound by the Federal Rules of Evidence and so you would be able to impeach them, just like any other attorney would be, so long as you're following the Federal Rules— Rules of Evidence, okay?
And so is that all you're asking for with regard to this motion to impeach?
THE DEFENDANT: Yes, ma'am.
[ . . . ]
THE COURT: Okay. With that, sir, your motion to impeach will be granted. You will be instructed to follow the Federal Rules of Evidence just like any other attorney but you will be allowed the opportunity to cross-examine and impeach any government witness at any hearings that we may have or the trial. Understood, sir?
THE DEFENDANT: Yes.
Filing No. 87 at 6–7.
[6] "The Court previously granted Defendant's request to impeach and noted Defendant may impeach witnesses to the extent any other litigant in federal court may impeach under [] the federal rules." Filing No. 135 at 16 n.23.

the Court previously ruled upon during the June 6 hearing. *See* Filing No. 87 at 34 (not guilty plea). Accordingly, Filing No. 146 is granted in part and denied in part.

**Filing No. 148:**

Though unclear, it appears Defendant is also moving to reopen and extend the pretrial motions deadline to file a motion to strike, a motion to quash, a motion for demurrer, a motion to impeach, a motion to dismiss, a motion to discharge, and a motion for release. Filing No. 148 at 3 ¶ 7. The Court may extend or reset the pretrial motions deadline any time before trial. Fed. R. Crim. Proc. 12(c)(2).

The Court notes it already ruled on several motions Defendant titled motions to strike, quash, for demurrer, etc. Specifically, the Court ruled on <u>five</u> motions to strike (including this motion—Filing No. 148), *see* Filing Nos. 34, 57, 108, and 127, <u>four</u> motions to quash, *see* Filing Nos. 35, 37,[7] 52,[8] and 105, <u>one</u> motion for demurrer, *see* Filing No. 21, <u>three</u> motions to quash/demurrer, *see* Filing Nos. 106, 147 (this Order), and 156 (this Order), <u>three</u> motions to impeach, *see* Filing Nos. 17,[9] 61,[10] and 104, <u>three</u> motions to dismiss, *see* Filing Nos. 36, 76, and 164 (this Order), <u>five</u> motions for discharge, *see* Filing Nos. 19, 66,[11] 100, 140 (this Order), and 160 (this Order), and <u>six</u> motions for release, *see* Filing Nos. 43,[12] 116, 123, 131, 139 (this Order), and 155 (this Order). Defendant did not articulate why he wanted the opportunity to re-file these motions. Nor did he articulate any new legal arguments he wishes to include if the Court extends the pretrial motions deadline for him to file these motions.

The pretrial motions deadline lapsed June 13, 2024. Defendant has filed nearly 100 pretrial motions, a significant amount of which repeat the same arguments ad nauseum and were mailed and filed after the pretrial motions deadline lapsed. The Court nonetheless considered Defendant's untimely pretrial motions in its August Order and the instant Order. It also appears Defendant is photocopying his prior motions, writing

---

[7] Filing No. 87 at 45 (June 6 hearing).
[8] Filing No. 87 at 58 (Defendant moved to withdraw during June 6 hearing).
[9] Filing No. 87 at 6 (June 6 hearing).
[10] Filing No. 87 at 75–76 (Defendant moved to withdraw during June 6 hearing).
[11] Filing No. 87 at 78–79 (Defendant moved to withdraw during June 6 hearing).
[12] Filing No. 87 at 49, 87–92 (Court reopened Defendant's detention hearing during the June 6 hearing and denied Defendant's motion for release).

additional arguments below the photocopied text (often arguments the Court previously ruled on) and submitting the entire document as a new motion. To the extent Defendant is requesting the Court extend the pretrial motions deadline for motions other than a motion to suppress, the Court denies that motion.

The remainder of Filing No. 148 repeats arguments the Court previously ruled upon during the June 6 hearing, *see* Filing No. 87 at 34 (not guilty plea), in its August Order, *see* Filing No. 135 at 5–8 (Part II), or rules on elsewhere in the instant Order. *See also* Filing No. 57 (near-duplicate motion). Accordingly, Filing No. 148 is denied.

### III.    Remaining Motions.

**Filing No. 139:**

Defendant moves to reopen detention to proffer the pretrial services report. Filing No. 139-1. The Court took judicial notice of the pretrial services report during the June 6 detention hearing. Filing No. 87 at 91. The Court will not reopen Defendant's detention hearing to consider the same evidence it already considered during a prior detention hearing. *See* 18 U.S.C. § 3142(f)(2). The remainder of this motion repeats arguments the Court previously ruled upon during the June 6 hearing. *See* Filing No. 87 at 34 (not guilty plea). Filing No. 139 is denied.

**Filing No. 140:**

Defendant repeats arguments the Court previously ruled upon during the June 6 hearing, *see* Filing No. 87 at 34 (not guilty plea), or in its August Order. *See* Filing No. 135 at 5, 12 (Parts II and III.C). *See also* Filing No. 100 (near-duplicate motion). Filing No. 140 is denied.

**Filing No. 144:**

Defendant repeats arguments the Court previously ruled upon in its August Order. *See* Filing No. 135 at 3, 5 (Parts I and II); *see also* Filing No. 132 (near-duplicate motion). Filing No. 144 is denied.

**Filing No. 145:**

Defendant mailed a letter to the Clerk of the Court requesting a copy of the docket sheet "for any errors [he] may need to correct or to review the record, just in case." Filing No. 89. The Clerk mailed Defendant a letter requesting payment. Filing No. 145 at 3. Defendant now moves the Court to request free copies of the docket sheet. Filing No. 145.

The Court finds it appropriate to grant Defendant's request given the unique nature of this case. The Court previously found Defendant is qualified for court-appointed counsel due to his financial status. Filing No. 14. Defendant is not requesting copies of filed documents, he is requesting a copy of the docket sheet. The Court refers to Defendant's motions as well as other filed documents by the filing number on the docket sheet instead of the title in this Order, as well as its August Order. Accordingly, the Court finds it appropriate to provide Defendant a copy of the docket sheet to fully understand how the Court ruled on each of his motions. Filing No. 145 is granted. The Clerk's Office is directed to provide a free copy of the docket sheet to Defendant.

**Filing No. 147:**

Defendant repeats arguments the Court either previously ruled upon during the June 6 hearing, *see* Filing No. 87 at 27 (preliminary hearing), 34 (not guilty plea), previously ruled upon in its August Order, *see* Filing No. 135 at 3, 5, 10, 12 (Parts I, II, III.B, and III.C), or rules on elsewhere in the instant Order. *See also* Filing No. 52 (near-duplicate motion). Filing No. 147 is denied.

**Filing No. 151, 157, and 162:**

Defendant moves to subpoena the tax commissioner, IRS, and the Clerk of the Court. Filing No. 157. He separately moves for the Court to pay for the issuance of the subpoenas with in forma pauperis motions. Filing Nos. 151 and 162. The Court denied Defendant's motions for subpoenas in its August Order. *See* Filing No. 135 at 5, 14 (Part II and III.D.i). Accordingly, Filing No. 151, 157, and 162 are denied.

**Filing No. 155:**

Defendant moves to reopen detention. Contrary to Defendant's assertions, the August Order denied Defendant's motions to reopen the May 23 and June 6 detention hearings. Filing No. 135 at 9, 11 (Parts III.A and III.B). The only basis for reopening detention Defendant identifies in Filing No. 155 is grounded in Defendant's alleged sovereign status. Accordingly, the Court denies Filing No. 155 as frivolous.

**Filing No. 156:**

Filing No. 156 repeats arguments the Court either previously ruled upon in its August Order or rules on elsewhere in the instant Order. *See* Filing No. 135 at 5, 12 (Part II and III.C). Filing No. 156 is denied.

**Filing No. 159:**

Defendant refiles a motion he previously moved the Court to withdraw because it was duplicative of another motion. *See* Filing No. 87 at 61; *see also* Filing No. 54 (withdrawn motion). The Court previously ruled on each of the arguments Defendant raises in Filing No. 159 in its August Order. *See* Filing No. 135 at 5 (Parts I and II). Filing No. 159 is denied.

**Filing No. 160:**

Defendant moves to discharge his bond to the government. The Court has not set a bond nor has Defendant posted a bond because Defendant was (and remains) ordered detained following the May 23 detention hearing. Defendant also reiterates arguments the Court previously ruled upon in its August Order. *See* Filing No. 135 at 5, 12 (Parts II and III.C). Finally, Defendant incorrectly asserts the Court granted Filing No. 19 in part. The Court denied Filing No. 19 in full in its August Order. Filing No. 135 at 8, 17 (Parts III.A and III.E). Filing No. 160 is denied.

**Filing No. 164:**

Filing No. 164 repeats arguments the Court either previously ruled upon in its August Order or rules on elsewhere in the instant Order. *See* Filing No. 135 at 5, 12 (Parts II and III.C). Contrary to Defendant's assertion, the Court did not grant Defendant's sovereign citizen motions. Filing No. 164 is denied.

**Filing No. 167:**

Defendant moves for "all no notice injunction[s]" to be dissolved, withdrawn, and terminated. Filing No. 167-1 at 1 ¶ 1; *see also* Filing No. 125 (near-duplicate motion). There are currently no pending injunctions in this case. Filing No. 167 is denied.

**Filing No. 168:**

Defendant repeats arguments the Court previously ruled upon in its August Order. As the Court held at the June 6 hearing, *see* Filing No. 87 at 34 (not guilty plea), and reiterated in the August Order, *see* Filing No. 135 at 8 (Part III.A), Defendant's plea is not guilty pursuant to Federal Rule of Criminal Procedure 11(a)(4). Filing No. 168 is denied.

**Filing No. 169:**

Defendant moves to proceed in forma pauperis to pay a bond he appears to argue the government should accept in exchange for dismissing the pending prosecution. The Court has not set a bond in this case and Defendant's reason for moving to proceed in forma pauperis is completely frivolous. The Court already previously found Defendant indigent. *See* Filing No. 87 at 19; *see also* Filing No. 135 at 9 (Part III.A). Accordingly, page 10 of Filing No. 169 is denied.

## CONCLUSION

Accordingly,

IT IS ORDERED as follows:

1) Filing No. 50 is granted in part. The Court will enter a separate order setting the motions to return property, Filing Nos. 126, 150, and 163, for an evidentiary hearing. Filing No. 127 is denied in part as duplicative.

2) **Motion to Suppress and Motion in Limine:**
   a. Filing No. 146 is granted in part and denied in part. Defendant's amended motion to suppress, Filing Nos. 106, 107, and 127, as well as Defendant's newly filed motion in limine, Filing No. 149, are withdrawn.
   b. The Court will reset the deadline for Defendant to either (1) file an amended motion to suppress or (2) file a motion indicating he wishes to reinstate his

withdrawn amended motion to suppress (Filing Nos. 106, 107, and 127) after the Court rules on Defendant's pending objections to the August Order.

    c.  The October 3, 2024 evidentiary hearing on Defendant's amended motion to suppress is cancelled.

3) Filing Nos. 139, 140, 144, 147, 148, 151, 155, 156, 157, 159, 160, 162, 164, 167, and 168 are denied.

4) The Court construes page 10 of Filing No. 169 as a motion. Page 10 of Filing No. 169 is denied.

5) Filing No. 145 is granted. **The Clerk's Office shall provide Defendant with a free copy of the docket sheet in this case.**

Dated this 13th day of September, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge