IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                    Plaintiff,

       vs.

JAMAAL MCNEIL,

                  Defendant.

**4:24CR3048**

**MEMORANDUM AND ORDER**

This matter is before the Court on the Magistrate Judge's Findings, Recommendation and Order (Filing No. 135.)  Defendant, Jamaal McNeil objects to the Magistrate Judge's findings and recommendations, reasserting many of the same arguments he made previously.  (Filing No. 141, Filing No. 158.)  Defendant also objects to Magistrate Judge's September 13, 2024 Memorandum and Order. (Filing No. 174.)    He mailed numerous additional motions with each objection. Batches of motions were received and docketed by the court in August 2024 and on September 20, 2024.  With the exception of the matters referred to or deferred by the Magistrate Judge, Defendant's objections will be overruled and his pretrial motions will be denied as set forth below.

BACKGROUND

Defendant McNeil is charged with possession with intent to distribute 50 grams or more of methamphetamine actual, with a prior conviction for a serious drug felony, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1).  (Filing No. 1.)

On August 7, 2024, the Magistrate Judge entered a Findings, Recommendation and Order addressing the sixty-six pretrial motions pending at that point.  The Magistrate Judge ruled on nondispositive matters and made recommendations as to the pending dispositive motions. (Filing No. 135.)

On August 15 and 16, 2024, the Court received and docketed a batch of motions including motions to impeach, motions for dismissal of the case, Defendant's requests for release and his

objections to the Magistrate Judge's Findings, Recommendation and Order. Another batch of motions was received and docketed on August 22, 2024, including a second statement of objections (Filing No. 158), and motions asking for rehearing, de novo review of the Magistrate Judge's recommendation, and another motion for impeachment.

On September 13, 2024, the Magistrate Judge filed a Memorandum and Order addressing some issues upon which a ruling was previously deferred, and an additional twenty pretrial motions. (Filing No. 172.) The Magistrate Judge also granted Defendant's requests to withdraw the motions to suppress and motions in limine.

This matter is now before the Court on Defendant's objections to the Magistrate Judge's Findings and Recommendation (Filing No. 141, Filing No. 158), objection to the Magistrate Judge's September 13, 2024 memorandum and order (Filing No. 174), the additional motions docketed on or before August 22, 2024 that were not previously addressed by the Magistrate Judge, (Filing Nos. 138, 142, 152, 153, 154, 161, 165, 166), and the batch of motions filed on September 20, 2024 (Filing Nos. 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 187, 188, 189, 190, 191, 192.)

STANDARD OF REVIEW

Under 28 U.S.C. 636(b)(1)(A), the Court "may designate a magistrate judge to hear and determine" most pretrial matters, subject to review by this Court. For other matters, including motions to dismiss, and motions to suppress evidence, the Court may designate a magistrate judge to conduct an evidentiary hearing and submit "proposed findings of fact and recommendations for the disposition" of such motions. *Id.* at 636(b)(1)(B). When, as here, a party objects, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

A district judge may reconsider a Magistrate Judge's ruling on <u>nondispositive</u> pretrial matters only where it has been shown that the ruling is clearly erroneous and contrary to law. *See* § 636(b)(1)(A); *Ferguson v. United States,* 484 F.3d 1068, 1076 (8th Cir. 2007).

## ANALYSIS

I.    Objections to August 7, 2024 Findings, Recommendation and Order

In Filing No. 135, the Magistrate Judge ruled on matters including Defendant's detention, the issuance of subpoenas, whether Defendant was entitled to a preliminary hearing, the withdrawal of his "not guilty" plea, Defendant's In Forma Pauperis status, and whether certain motions were duplicative. The Magistrate Judge deferred a ruling on Defendant's motions for return of property and the pending motions to suppress. Defendant was given permission to file an amended motion to suppress on or before August 16, 2024 and an evidentiary hearing was set for October 3, 2024.

The Magistrate Judge recommended denial of the motions to dismiss: for lack of jurisdiction or failure to state a claim[1]; because Defendant is sovereign citizen[2]; for vindictive prosecution [3]; for double jeopardy [4]; and because the grand jury proceeding was defective.[5] The magistrate also recommended denial of Defendant's Motion in Limine[6] without prejudice to reassertion at a later point in this case.

Defendant has objected to nearly every finding, recommendation, and decision the magistrate judge made in the August 7, 2024 Findings, Recommendation and Order. (Filing No. 141, Filing No. 158). After careful review of the record, and for the reasons set forth below, the Court overrules Defendant's objections to the Magistrate Judge's findings as they are not clearly erroneous or contrary to law, and adopts the Magistrate Judge's recommendations after a de novo review.

---

[1] Filing Nos. 34 and 76.
[2] Filing Nos. 16, 20, 21, 24, 29, 32, 33, 34, 35, 36, 47, 53, 55, 57, 58, 60, 62, 70, 71, 75, 76, 77, 79, 93, 94, 95, 96, 98, 100, 102, 103, 104, 105, 106, 107, 108, 109, 110, 112, 113, 114, 119, 120, 127, 128, 129, 132.
[3] Filing No. 53
[4] Filing Nos. 21, 35, 53, 55, 58, 75, 76, 98, 100, 106, 107, 112, 114, 129.
[5] Filing Nos. 36, 47, 75, 93, 95, 106
[6] Filing No. 75

1.  Objections to Magistrate Judge Findings

The Defendant's statement of objections is an exhaustive list, and is often difficult to follow.  The Court has attempted to discern the individual categories of objections and will address each in turn.

a.  Motion to Suppress

In Filing No. 135, the Magistrate Judge deferred a ruling on the Motion to Suppress. In his objection, Defendant stated his intention to withdraw any motions to suppress.  (Filing No. 141, Filing No. 158.)  The September 13, 2024 Memorandum and Order of the Magistrate Judge granted Defendant's motion to withdraw any motions to suppress.  This portion of Defendant's objection is now moot.

b.  Not Guilty Plea

Defendant has repeatedly requested that his plea of not guilty be withdrawn, and for permission to appear and enter another plea of not guilty.   A not guilty plea has already been entered on his behalf, this issue is moot.

c.  Subpoenas

Defendant states that he needs to subpoena the tax record from the tax commissioner.  The Magistrate Judge denied this request, finding that the subpoenas were irrelevant.  The Magistrate Judge noted that Defendant is not charged with a tax crime and paying taxes on his drug sales does not preclude the government from prosecuting him for allegedly selling drugs.  The Court finds the denial of Defendant's requests for subpoenas was not clearly erroneous.

d.  Effect of "Denial in Part"

Defendant argues that where his motions were not denied "in full" they should be granted.  However, none of the Magistrate Judge's recommendations to the undersigned included a

recommendation to grant any motion in whole or in part.[7] Often, the motions that were denied "in part" were split into multiple topics and each of those topics were handled separately. For example, Filing No. 21 was not denied in full; the Magistrate Judge denied portions of the motion, recommended denial of portions of the motion, and deemed a portion of it withdrawn. So, although Filing No. 21 could not be denied in full by the Magistrate Judge, no portion of that motion has or can be granted. The defendant asserts the court is trying to mislead or confuse him by ruling on the motions, in part. However, this is a result of the way Defendant has written his motions. The Magistrate Judge has put significant effort into categorizing the issues raised in the dozens of filings Defendant submitted so the issues can be handled consistently and expeditiously. This is not error.

   e. Return of Property

  Defendant requests the return of his property. This matter is currently pending before the Magistrate Judge. It was not clearly erroneous for the Magistrate Judge to defer a ruling on this issue pending a hearing as to whether Defendant is entitled to the return of his property prior to trial. Per Filing No. 173, an evidentiary hearing remains set for October 3, 2024 on Filing Nos. 126, 150, and 163.

   2. Objections to Magistrate Judge Recommendations

  Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the record and is in agreement with the Magistrate Judge's reasoning.

   a. Motions to Dismiss

  As stated, above, the Magistrate Judge recommended denial of the motions to dismiss: for lack of jurisdiction or failure to state a claim[8]; because Defendant is sovereign citizen[9]; for

---

[7] The Magistrate Judge had previously granted a few motions during the June 6, 2024 hearing, and also granted portions of a few motions related to the Motions to Suppress. Those motions are not before the undersigned on the pending Findings and Recommendation.
[8] Filing Nos. 34 and 76.
[9] Filing Nos. 16, 20, 21, 24, 29, 32, 33, 34, 35, 36, 47, 53, 55, 57, 58, 60, 62, 70, 71, 75, 76, 77, 79, 93, 94, 95, 96, 98, 100, 102, 103, 104, 105, 106, 107, 108, 109, 110, 112, 113, 114, 119, 120, 127, 128, 129, 132.

vindictive prosecution [10]; for double jeopardy [11]; and because the grand jury proceeding was defective.[12] The enumerated motions are not all <u>titled</u> as motions to dismiss, but that is, in effect, what they are.

In his objections, Defendant asserts his "Absolute Rights" as a Sovereign Citizen, arguing for dismissal of the case and his release. The Court will not repeat the Magistrate Judge's thorough analysis of these issues herein. Defendant has pointed to no case, involving similar facts, where any court has accepted the arguments he presents. As the Magistrate Judge said, "Defendant's sovereign citizen arguments are grounded in either a completely fictitious legal system or a flawed misunderstanding and misapplication of the various federal and state statutes and case law to support a fictitious legal theory." (Filing No. 135 at p. 7.) The Court conducted a de novo review and adopts the Magistrate Judge's recommendations regarding Defendant's Motions to Dismiss based upon his sovereign status.

Defendant's objections to Filing No. 135 do not mention lack of jurisdiction, vindictive prosecution, or double jeopardy. Similarly, Defendant does not object to the Magistrate Judge's findings with regard to the Grand Jury proceedings, but for the sake of completeness, the Court has conducted a de novo review. The Court agrees with the Magistrate Judge's finding that a state and the federal government may both prosecute Defendant for the same conduct without violating double jeopardy. The Court also finds the Magistrate Judge's analysis of the vindictive prosecution argument is correct. The Court also finds the Magistrate Judge: correctly found that the indictment stated a claim; correctly found that Defendant was not entitled to present evidence before the grand jury; correctly found that Defendant was not entitled to a preliminary hearing because he was indicted by grand jury; and correctly recommended that Defendant's motion to dismiss on the grounds that there was error in the grand jury proceeding should be denied.

---

[10] Filing No. 53
[11] Filing Nos. 21, 35, 53, 55, 58, 75, 76, 98, 100, 106, 107, 112, 114, 129.
[12] Filing Nos. 36, 47, 75, 93, 95, 106

b.   Motion in Limine

The Magistrate Judge recommended denial of Defendant's motion in limine as the motion was premature.  Defendant stated that he wanted the motion in limine withdrawn and stricken from the record because he misunderstood and did not know that he would be able to proceed with a motion in limine at a later time. (Filing No. 141, Filing No. 158.) The Court agrees with the Magistrate Judge and the Defendant that the issues raised in a motion in limine are premature.  The Court therefore adopts the Magistrate Judge's recommendation that Filing No. 75, the first motion in limine, be denied without prejudice to reassertion at the appropriate time prior to trial.

c.   Release or Detention

The Magistrate Judge denied Defendant's motion to reopen detention.  The Court construes Defendant's objection as an appeal of the Magistrate Judge's Detention order.

When Defendant's objections are read together with other motions, it is clear that Defendant misunderstood the ruling on Filing No. 17 during the June 6, 2024 hearing.  He believed that all evidence and witnesses had been excluded, therefore he argued that the case should be dismissed and he should be released. In his objection, he requested release on October 9 because he believed all evidence had been "Impeached."  He is incorrect, no evidence has been excluded and the case will move forward toward a trial on the merits.  Therefore, Defendant is not entitled to release on this basis.

Defendant's objection also states that the ruling on Filing No. 17 was mistakenly omitted from the Magistrate Judge's order. To the extent that Defendant argues the findings and recommendation is deficient because the Magistrate Judge did not explicitly rule on 17 and 61 in Filing No. 135, the objection is overruled.  The rulings stated on the record during the hearing (Filing No. 74, audio file) and memorialized in the minute entry (Filing No. 73) have the force and effect of an order.  So there was no need for the Magistrate Judge to separately rule on Filing Nos. 17 (granted on the record), and 61 (withdrawn as duplicative of Filing No. 17).  The court notes that the Magistrate Judge did acknowledge the ruling as to Filing No. 17 in Footnote 23 of the Findings and Recommendation (Filing No. 135, n. 23; citing Filing No. 87 at 6), and further

clarified her ruling in the Memorandum and Order entered on September 13, 2024. (Filing No. 172.)

The Magistrate Judge has already reviewed multiple motions requesting to reopen the issue of detention.  In Filing No. 135, the Magistrate Judge denied many of the motions as moot.  She considered only two motions which contained new arguments, and those motions were denied. *Id.*

As to Defendant's general argument/objection that he should be released.  The defendant has not presented any evidence or argument that the Magistrate Judge has not considered.  The court has conducted a de novo review and the Court finds Defendant should be detained pending trial and his request to be released is denied.

### 3.  Additional Relief Requested in Defendant's Objections
#### a.  Writ of Error Coram Nobis

Defendant requests a Common Law Writ of Error Coram Nobis in each of his objections. The writ of error coram nobis is an ancient common law remedy to correct errors of fact that modern federal courts are authorized to issue under the All Writs Act. 28 U.S.C. § 1651(a). However, this type of request is used to attack a final judgment, and no judgment has been entered in this case. Defendant's request is denied.

#### b.  Request for Evidentiary Hearing

Having carefully reviewed Defendant's objections, the Court finds there is no need for an evidentiary hearing on the objections.  Accordingly, Defendant's request for an evidentiary hearing will be denied. (See Filing No. 158.)

### 4.  Conclusion – Objections to August 7, 2024 Findings, Recommendation and Order

The Court will adopt the Magistrate Judge's recommendation, overrule the objections, and deny the Defendant's motions to dismiss. Filing Nos. 16, 20, 36, 53, 60, 100, 110, and 128 will be denied in full. Filing Nos. 21, 24, 29, 32, 33, 34, 35, 47, 55, 57, 58 62, 70, 71, 75, 76, 77, 79, 93,

94, 95, 96, 98, 102, 103, 104, 105, 106, 107, 108, 109, 112, 113, 114, 119, 120, 127, 129 and 132 will be denied, in part, as set forth in the Magistrate Judge's findings and recommendation. The Motion in Limine portion of Filing No. 75 will be denied without prejudice to reassertion.

## II.    Objection to September 13, 2024 Memorandum and Order (Filing No. 172)

Defendant has objected to the September 13, 2024 Memorandum and Order of the Magistrate Judge. (Filing No. 172). The order:

- Clarified Defendant is allowed to impeach witnesses during live testimony, but that ruling <u>does not</u> mean any evidence or witnesses have been excluded to date.

- Noted that Defendant's motions related to the return of his property remain pending before the Magistrate Judge and an evidentiary hearing will be held.

- Granted Defendant's motions to withdraw the pending motions to suppress and motion in limine.

- Denied Defendant's motion to reopen detention.

- Denied Defendant's motion to extend the pretrial motions deadline.

Defendant objects to Filing No. 172, requesting that the undersigned "grant the defendant requested relief, of closing this case/account, returning property, dismissing the case/account, and release the defendant and discharge the defendant, as this case shall be dispose of." (Filing No. 174). Defendant states that he did not consent for the Magistrate Judge to be involved in this case.

A magistrate judge does not need the consent of a criminal defendant in order to be involved in a case. If a defendant petitions the court to enter a plea of guilty, the parties must consent to proceed before the Magistrate Judge. Otherwise, the Magistrate Judge may rule on nondispositive pretrial matters, and make a recommendation to the District Judge on certain dispositive matters without the consent of the parties. See NECrimR 59.1(c)(1)(C). Thus, the Defendant's consent was not required under the circumstances.

The Court has carefully reviewed Defendant's objections contained in Filing No. 174 and the record and finds that the Magistrate Judge's decisions were neither clearly erroneous nor

contrary to law.  The Court therefore finds the Defendant's objections to be without merit, and it will be overruled. (Filing No. 174.)

III.    Pretrial Motions Asserted in August and September 2024

1.  Impeachment

Since the Magistrate Judge's Findings and Recommendation was filed on August 7, 2024, Defendant has filed numerous additional pretrial motions.  Defendant repeatedly states that he wants to "impeach" the Court, the rulings of the court, the witnesses, and others.

During the evidentiary hearing held on June 6, 2024, the Magistrate Judge granted Defendant's motion to impeach, advising that he may impeach witnesses to the extent any other litigant in federal court may impeach under the federal rules. (Filing No. 135 n. 23.)  To the extent Defendant requests to impeach witnesses at trial, his motions are moot, as the motion was previously granted.  To the extent he intends to "impeach" the rulings of the court through docket filings, his motion will be denied. And, while Defendant is allowed to impeach within the confines of the federal rules, at this point no witnesses or evidence have been excluded or suppressed and there are no grounds to alter or amend the Magistrate Judge's Order. (See Filing No. 172 at p. 4). Accordingly, each of Defendant's August pretrial motions for impeachment will be denied. (Filing Nos. 138, 142, 153, 154, 165).

In many of the motions filed on September 20, 2024, Defendant argues that the Magistrate Judge's order is wrong, that the evidence has already been impeached and that the case should be dismissed. The undersigned has conducted a de novo review of the record and is adopting the Magistrate Judge's recommendations.  Filing No. 184 will be denied in its entirety, and the portions of Filing Nos. 175, 178, 183, 188 and 189 arguing for dismissal on the basis that the plaintiff's evidence has been excluded are also denied.

2.  Motion to Alter or Amend, Rehearing

Relying on the argument that he has already "impeached" and excluded witness testimony and evidence, Defendant filed a motion to "Amend, Alter, Modify and Correct Order."  It asserts

a Suppression Hearing is not needed "as to the Impeachment on Filing No. 17 and 61, excluded the star witnesses and all his evidence and etc." (Filing No. 153-1.) His "Motion for Rehearing" (Filing No. 154) and Motion for Rehearing and Reconsideration (Filing No. 175) contain substantially similar arguments.

Having conducted a de novo review of the record, and determining that the findings and recommendation should be adopted, the Court denies Defendant's motions for rehearing. This Court will not conduct a rehearing of the issues presented to the Magistrate Judge at the June 6 hearing, or any of the motions addressed in the Findings and Recommendation. Filing No. 153 and Filing No. 154 will be denied.

Defendant's September motion for rehearing and reconsideration (Filing No. 175) retreads the same ground as his previous motions. Each of his arguments has either been rejected, or is duplicative of a matter currently pending before the Magistrate Judge (see Return of Property section, below). Therefore, the motion will be denied.

3. Withdrawal of the Motion to Suppress and Motion in Limine

Defendant repeatedly requests that his motions to suppress be withdrawn and the evidentiary hearing that was scheduled for October 3, 2024 be cancelled. In the September 13, 2024 order, the Magistrate Judge deemed the pending motions to suppress withdrawn and noted that a new deadline for filing an amended motion to suppress, or for reinstatement of the withdrawn motion to suppress would be entered after this order. The undersigned will refer this matter to the Magistrate Judge for a new deadline. As the relief Defendant is requesting has already been granted, the portions of Filing Nos. 153, 154, 165, 166 related to the motion to suppress are denied as moot, as there are no pending motions to suppress.

Similarly, the September 13, 2024 order granted Defendant's request to withdraw Defendant's newly filed motion in limine (Filing No. 149) and instructed Defendant on the appropriate time to file such motions. (Filing No. 172 at 4). Accordingly, the portion of Filing No. 142 related to the withdrawal of Defendant's motion in limine is also denied as moot as there are no pending motions in limine.

11

In the September 13, 2024 order, the Magistrate Judge noted that motions in limine may be filed no earlier than fourteen (14) days before the trial date, and no later than two (2) days before trial. However, the Court may want to hold a hearing on Defendant's motions in limine. If a hearing were to occur, it would need to be held approximately 7 days prior to trial. Accordingly, the Court amends the prior order, and motions in limine may be filed no earlier than twenty-one (21) days prior to trial, and no later than fourteen (14) days prior to trial to ensure time for mailing, docketing and review by the Court and counsel. Any motions filed outside this time period may be summarily denied.

### 4.   Withdrawal and Reentry of a Not Guilty Plea

As stated above, a not guilty plea has been entered on Defendant's behalf. Accordingly, the portion of Filing No. 175 requesting the same relief is denied as moot.

In Defendant's Motion to Dismiss (Filing No. 142), Defendant requests "the court to acknowledge the defendant's not guilty, saying on record, and that defendant would come to court to put it on record if needed to." (Filing No. 142 at p. 3, paragraph 13). To the extent that the Defendant request this court enter a finding that the Defendant is not guilty, Filing No. 142 is denied.

### 5.   Common Law Writ of Error Coram Nobis

Defendant also filed two motions styled as a "Motion for Common Law Writ of [Coram Nobis]." For the reasons stated above, a Common Law Writ of Error Coram Nobis is not applicable at this time as there has been no judgment entered in this case. The August motion (Filing No. 152), and the new motion for Common Law Writ of Error Coram Nobis (Filing No. 178) will both be denied.

### 6.   Magistrate Judge Involvement

Defendant has filed several pretrial motions challenging the Magistrate Judge's involvement in this case, and suggesting that her orders were somehow inappropriate or outside the bounds of her position. The Local Rules in this district provide that a Magistrate Judge may

hear and determine pretrial matters, including matters related to initial appearances, discovery, detention and release. NeCrimR 59.1(a). Additionally, the Magistrate Judge may make a recommendation containing proposed findings of fact and a recommendation for disposition on certain matters, including motions to suppress evidence. NeCrimR 59.1(b).

As previously discussed, Defendant objected to the September 13, 2024 Memorandum and Order on the grounds that he did not consent to the Magistrate Judge's entry of orders related to this case. In addition to his objection, he has filed a motion for recusal or removal of the Magistrate Judge from this case (Filing No. 176), he states that the Magistrate Judge should recuse because she has a (unnamed) conflict of interest (Filing No. 189), and he asserts, incorrectly, that the Magistrate Judge cannot conduct a suppression hearing (Filing No. 175.)

Filing No. 176 is denied to the extent that the Defendant is requesting that the District Judge remove the Magistrate Judge from this case. Filing No. 175 is also denied. The Court notes that any motion to suppress filed or renewed after this order will be initially heard by the Magistrate Judge. Then, the Magistrate Judge will issue a findings and recommendation to the undersigned for a ruling. *See* NECrimR. 59.1.

The requests to strike the Magistrate Judge from the case (Filing No. 183), and to "Impeach the Magistrate Judge off the case" (Filing No. 184) are also denied. Similarly, Defendant's request in Filing No. 192 for a finding that the Magistrate not be allowed to enter any additional filings in this case is denied. Having conducted a de novo review of the record, the Court finds the Magistrate Judge has acted appropriately and within the bounds of her role.

However, whether a Magistrate Judge should recuse from a case is for the subject judge to decide. The portion of Defendant's motion requesting the Magistrate Judge's recusal is reserved for Magistrate Judge DeLuca. (Filing No. 176.) The Magistrate Judge will also address Defendant's motion for copies (Filing No. 191.) These motions will be referred to the Magistrate Judge.

7.  Sovereign Citizen

Defendant repeatedly states that he has a drug tax stamp, God Given Rights by the Ecclesiastical Court Law, and sovereign status. These arguments were all addressed in the Magistrate Judge's findings and recommendation which the court has adopted in this order after de novo review of the record.  Accordingly, the corresponding portions of Filing Nos. 142, 152, 153, 154, 161, 165 and 166 are denied.  These arguments were raised again in Defendant's September Filing Nos. 175, 179, 182, 183, 184, 185, 188, and are denied on the same grounds.

In the September filings, Defendant also includes a laundry list of other rights he believes have been violated, including his rights under the United States Constitution, the Nebraska Constitution, and the Bill of Rights.  He also states that this case is a violation of human rights (Filing Nos. 185, 190), his diplomatic immunity (Filing Nos. 175, 177, 178, 182, 184, 188, 189), international law (Filing Nos. 177, 178, 190) and his "Declaration of Independence Rights of 7/4/1776." (Filing Nos. 174, 177, 178, 185, 190).  These types of arguments are commonly raised by sovereign citizens, and are similar to the sovereign citizen arguments previously raised by this Defendant, which the Magistrate Judge found to be frivolous.  However, the Court will not consider any of Defendant's requests for relief on these grounds (quash the indictment, dismissal, rehearing, reconsideration, etc.) as they were not previously asserted and, because they were raised for the first time in September 2024, they were raised well beyond the June 13, 2024 deadline for filing pretrial motions.

Defendant asserts he has been subject to double jeopardy, and unlawful search and seizure of his property.  The Magistrate Judge addressed Defendant's double jeopardy arguments in her August 7, 2024 Findings, Recommendation, and Order.  Defendant did not include double jeopardy as a basis for his objections to that order (Filing Nos. 141 and 158), and he will not be permitted to relitigate this issue.  His new motions asserting double jeopardy arguments have been adequately addressed and his new motions asserting double jeopardy argument will be denied.  (Filing Nos. 180, 183.)  His unlawful search and seizure argument is denied without prejudice to reassertion in an appropriate and timely motion to suppress. (Filing No. 174, 182.)

14

8.   Detention and Requests for Release, Discharge

In Filing No. 135, the Magistrate Judge determined Defendant should remain detained, and that the detention hearing would not be reopened.  The Magistrate Judge denied Defendant's motion for release, again, on September 13, 2024. (Filing No. 172 at p. 4.)

As previously discussed, the Court conducted a de novo review of Defendant's Detention. In addition to the arguments he made in his objections, Defendant also argued for discharge and release in several of the August and September pretrial motions.  Again, his arguments for release are based upon his misunderstanding of the ruling on Filing No. 17.  No evidence or witnesses have been excluded, therefore the case will proceed.  He also argues for his release, because he has evidence of a drug tax stamp and his registry with the ecclesiastical court, and he has diplomatic immunity.  These types of sovereign citizen arguments are frivolous.  To the extent that these motions can be construed as an appeal of the Magistrate Judge's finding in the September 13, 2024 order that detention should not be reopened, these arguments have no merit.  The Magistrate Judge found that Defendant has not shown good cause to reopen the hearing. Upon de novo review of his appeal of her detention decision, the Court found, above, that Defendant should be detained pending trial.  The additional requests for release in Filing Nos. 138, 142, 161, 166, 175, 185, 190, and 192 will be denied.

9.   Nebraska Uniform Enforcement of Foreign Judgment Act

Defendant requests that the Nebraska Uniform Enforcement of Foreign Judgment Act apply.  (Filing No. 142).  Defendant argues "The Nebraska Uniform Enforcement of Foreign Judgment Act shall apply in this matter, and the United States of America shall be striked off the record, as the defendant is transferring on the plaintiff's side." (Filing No. 142).

Defendant previously cited ecclesiastical court law, seeking joinder of himself as a plaintiff, so he could move to strike the government as a party and dismiss the case against himself as the sole remaining plaintiff. (Filing No. 135.)  The Magistrate Judge found this argument was baseless, and the Court agrees.  Defendant is not a proper plaintiff, and the United States of America will not be stricken as the plaintiff.

15

10. Return of Property

Many of Defendant's motions assert that for a variety of reasons (Defendant's tax stamp, his God Given Rights, his sovereign status) the case should be dismissed and his property returned. The return of Defendant's property is a matter pending before the Magistrate Judge. Accordingly, the portions of 142, 153, 158, 166, requesting return of property are duplicative of Filing Nos. 126, 150, and 163 and are therefore denied. For the same reason, the requests for return of property in September Filing Nos. 175, 187, and 192 are denied as duplicative.

11. Motions for Subpoenas

Defendant moves to subpoena the tax commissioner, IRS, and the Clerk of the Court and attached a motion to proceed in forma pauperis. Filing No. 180. The Magistrate Judge previously denied Defendant's motions for subpoenas to these same entities in her Findings, Recommendation and Order order (Filing No. 135), and the September 13 order (Filing No. 172.) To the extent that this motion could be construed as an objection to the Magistrate Judge's order, the ruling is not clearly erroneous. Defendant has not shown how the records sought are relevant to the drug charges in this case. To the extent that Defendant asserts this as a new motion, the motion is not timely filed and the Defendant has not demonstrated how the records sought are relevant and necessary to defend against to the drug charges in this case. Filing No. 180 is denied.

12. Motion to Dissolve Injunction

Defendant moves for all "no notice injunctions" to be dissolved, withdrawn and terminated. As stated in the September 13, 2024 order, there are no pending injunctions in this case. Accordingly, Filing No. 181 is denied.

13. Which Pretrial Motions Will Be Permitted Going Forward

On May 23, 2024, the Magistrate Judge set the deadline for filing pretrial motions for June 13, 2024. (Filing No. 10; Filing No. 12). The deadline was extended only for filing Motions to Suppress. (Filing No. 87 at p. 85; Filing No. 135; Filing No. 172). In her Findings and Recommendation, the Magistrate Judge found good cause to consider the pretrial motions filed after the pretrial motions deadline, because they had been mailed before the deadline lapsed.

16

(Filing No. 135 at 3.)  The Magistrate Judge also found good cause to consider two more batches of motions postmarked one month after the deadline.

This order addresses the objections to the findings and recommendation (Filing No. 135) and Defendant's other miscellaneous motions received approximately 14 days after the Findings and Recommendation. This order also addresses the objections to the memorandum and order (Filing No. 174) and Defendant's other miscellaneous motions received and docketed on September 20, 2024.  Considering Defendant's decision to proceed with only standby counsel, this Court has considered the substance of the motions filed to date.  However, the pretrial motions deadlines lapsed approximately 3 months ago and if Defendant continues to file repetitive motions, this case will never reach trial.  Any further pretrial motions, aside from the motions pending and specifically authorized by the court will not be considered and will be summarily denied.

The motions that <u>will</u> be considered are the following:

- The Magistrate Judge will consider and make a recommendation on a timely filed Motion to Suppress. The Magistrate Judge will set a deadline after the entry of this order.

- The Magistrate will make a ruling on Defendant's pending motions for return of property after the evidentiary hearing is held.

- The undersigned will consider any appropriate motions in limine filed no earlier than twenty-one (21) days prior to trial, and no later than fourteen (14) days prior to trial.

THEREFORE IT IS ORDERED:

1. The Magistrate Judge's findings and recommendation (Filing No. 135) is adopted in its entirety.

   a. Filing Nos. 16, 20, 36, 53, 60, 100, 110, and 128 are denied in full.

   b. Filing Nos. 21, 24, 29, 32, 33, 34, 35, 47, 55, 57, 58 62, 70, 71, 75, 76, 77, 79, 93, 94, 95, 96, 98, 102, 103, 104, 105, 106, 107, 108, 109, 112, 113, 114, 119, 120, 127, 129 and 132 are denied, in part, as set forth in the Magistrate Judge's findings and recommendation.

    c.  The Motion in Limine portion of Filing No. 75 is denied without prejudice to reassertion.

2. The Court amends the prior order (Filing No. 172) setting the deadline for filing motions in limine. Defendant may, if he chooses, file any appropriate motion in limine no earlier than twenty-one (21) days prior to trial, and no later than fourteen (14) days prior to trial.

3. Defendant's objections (Filing No. 141, Filing No. 158, Filing No. 174) are overruled.

4. The portions of Filing Nos. 141, 153, 154, 158, 165, 166 requesting withdrawal of the motions to suppress are denied as moot as the motions to suppress (Filing Nos. 126, 150, and 163) have been withdrawn. (See Filing No. 172.)

5. The portions of Filing Nos. 141 and 142 related to the withdrawal of the motion in limine are denied as moot, as the motions in limine have been withdrawn. (See Filing No. 172.)

6. The portions of Filing Nos. 142, 153, 158, 163, 166, 175, 187, and 192 related to the return of Defendant's property are denied as duplicative of the motions for return of property pending before the Magistrate Judge. (See Filing Nos. 126, 150, and 163.)

7. The remaining portions of Filing Nos. 141, 142, 153, 154, 165, 166, 175, 187, and 192 are denied.

8. The following motions are denied in full: Filing Nos. 138, 152, 161, 177, 178, 179, 180, 181, 182, 183, 184, 185, 188, 189, 190.

9. Filing No. 176 is denied, in part. The Clerk shall refer the remainder of the motion to the Magistrate Judge as to the issue of recusal.

10. The Clerk shall refer Filing No. 191 to the Magistrate Judge.

11. In accordance with Filing Nos. 135 and 172, this matter is referred to the Magistrate Judge to set a deadline for filing any amended or renewed motion to suppress.

Dated this 27th day of September, 2024.

BY THE COURT:

Susan M. Bazis
United States District Judge

18