IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMAAL MCNEIL,<br><br>Defendant. | 4:24CR3048<br><br>**MEMORANDUM AND ORDER** |

Now pending before the Court are fifteen pretrial motions filed by pro se Defendant Jamaal McNeil. Filing Nos. 176, 191, 195, 196, 197, 198, 200, 201, 202, 203, 204, 205, 206, 207, and 208. The Court rules on each pending motion as set forth below.

**BACKGROUND AND PROCEDURAL HISTORY**

The Court set the pretrial motions deadline for June 13, 2024. Filing No. 12. In its Findings, Recommendation, and Order dated August 7, 2024 ("August Order"), the Court extended Defendant's deadline to file an amended motion to suppress until August 16, 2024 but did not otherwise extend the June 13, 2024 pretrial motions deadline. In its Memorandum and Order dated September 13, 2024 ("September Order") the Court (1) denied Defendant's motion to reopen and extend the pretrial motions deadline for motions other than a motion to suppress and (2) granted Defendant's motion to withdraw his motion to suppress—Filing Nos. 106, 107, and 127.

The Court noted in its September Order it would reset the motion to suppress deadline after the District Judge ruled on Defendant's objections to the August Order in accordance with Defendant's request. In relevant part, the District Judge subsequently overruled Defendant's objections to the August and September Orders, adopted the

1

undersigned's findings and recommendations in the August Order in its entirety, and referred this matter to the undersigned to set a deadline for filing any amended or renewed motion to suppress. Filing No. 209. The Court resets the motion to suppress deadline and rules on Defendant's newly filed pretrial motions as set forth herein.

## ANALYSIS

**Motion to Suppress Deadline:**

Defendant moved to continue the motion to suppress deadline until after the District Judge ruled on his pending objections to the August Order. Filing No. 146. The Court granted Defendant's motion in part and noted it would reset the motion to suppress deadline following the District Judge's ruling. The Court now resets the motion to suppress deadline as follows.

The Court has not granted any motions to exclude evidence from trial. If Defendant wishes to exclude evidence prior to trial he must either (1) file an amended motion to suppress on or before October 11, 2024 or (2) file a motion indicating he wishes to reinstate his withdrawn motion to suppress (Filing Nos. 106, 107, and 127) on or before October 11, 2024. If Defendant does not timely file an amended motion to suppress or a motion to reinstate, the Court will presume Defendant does not wish for the Court to rule on his arguments to suppress evidence.

**Filing No. 176:**

Defendant moves the undersigned to recuse herself. A judge is required to disqualify themselves from "any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (quoting citation omitted).

Recusal is appropriate if there is a "showing of personal bias or prejudice arising from an extrajudicial source." *Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir. 1989). The movant need not show actual bias or prejudice—"disqualification is required if a reasonable person who knew the circumstances would question the judge's

impartiality." *Fletcher*, 323 F.3d at 664. "Litigants should not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to a judge of their own choice." *United States v. Parsons*, No. 4:17CR3038, 2018 WL 1385908, at *2 (D. Neb. Feb. 7, 2018) (citation omitted).

Defendant moves the undersigned to recuse herself due to an unidentified conflict of interest. Filing No. 176 at 2 ¶ 2. The District Judge previously denied Filing No. 176 to the extent Defendant was requesting the District Judge remove the undersigned from this case because he did not consent to the undersigned entering orders or findings and recommendations on his motions. Filing No. 209 at 13. Defendant is not entitled to a judge of his choice. The undersigned is not biased, for or against, any of the parties to this case. A reasonable person who knew the circumstances would not question the undersigned's impartiality. The remainder of Filing No. 176 is denied.

**<u>Filing No. 191:</u>**

The Court previously granted Defendant's motion for a free copy of the docket sheet, Filing No. 145, because the Court refers to Defendant's motions and other filed documents by the filing number on the docket sheet instead of by title. Filing No. 172 at 7. It now appears Defendant is requesting the Court provide him free copies of every filing on the docket so he can "review the record for any and all plain errors, filings and entries that the defendant do not know about" and because he "has no computer and cannot review the record properly."

An indigent defendant is not entitled to free copies of the docket. 28 U.S.C. § 1915; *see, e.g.*, *United States v. Mentzos*, 2008 WL 11469261, No. 04-173, at *2 (D. Minn. Apr. 21, 2008); *Cox v. City of Omaha*, No. 8:23CV241, 2023 WL 4596021, at *1 (July 18, 2023). Defendant should retain copies of his own filings, the Clerk's Office mails Defendant filings by the Court, and the government is obligated to serve Defendant documents it files pursuant to the local rules and the Federal Rules of Criminal Procedure. Defendant is not entitled to additional, free copies simply to double check the docket is correct. He may pay the Clerk's Office (the current price is $0.50 per page) to obtain additional copies. Filing No. 191 is denied.

**Filing No. 195:**

Defendant moves to subpoena the tax commissioner, IRS, and the Clerk of the Court and he moves for the Court to pay for the issuance of the subpoenas with an in forma pauperis motion. The Court denied Defendant's motions for subpoenas in its August Order. *See* Filing No. 135 at 5, 14 (Part II and III.D.i). Filing No. 195 is denied.

**Filing Nos. 196, 197, 200, 201, 202, 203, 204, 206, 207, 208:**

Defendant moves for a variety of relief. First, he appears to object to the undersigned's September Order, Filing Nos. 196, 197, 200, 202, 204, 207, and 208, and moves for the undersigned to recuse herself—Filing Nos. 196, 197, 200, 201, 202, 203, 207, and 208. To the extent these filings are objecting to the September Order, they are denied as duplicative of Filing No. 194.[1] To the extent these filings are moving the undersigned to recuse herself, they are denied for the same reasons stated elsewhere in this Order.

Second, Defendant moves to reopen detention. Filing Nos. 196, 197, 200, 201, 202, 206, 207, and 208. The Court may reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

In addition to frivolous sovereign citizen arguments, Defendant argues the Court should reopen detention because there is an error in his criminal history as recorded by the pretrial services report. Defendant had access to the pretrial services report prior to the reopened detention hearing on June 6 but did not make this argument at that time. *See* Filing No. 87 at 88. It appears; however, Defendant might be asserting that this Court should reopen detention because the court in 8:06-CR-123 recently entered a new Order

---

[1] Filing No. 194 ("Motion for Statement of Objections to Magistrate Judge's Order with attached Supporting Affidavit") is currently pending before the District Judge. It makes the same objections and was mailed the same day as Filing Nos. 196, 197, 200, 202, 204, 207, and 208. The Court also notes it previously instructed Defendant how to file objections pursuant to NECrimR. 59.2, including specifically instructing Defendant to label any objections "Statement of Objections to Magistrate Judge's Order" or "Statement of Objections to Magistrate Judge's Findings and Recommendations." Filing No. 135 at 4. None of the filings currently pending before the undersigned are labeled as objections pursuant to these instructions.

on September 2, 2024 and, thus, his criminal history pertaining to 8:06-CR-123 in the pretrial services report is incorrect. *See* Filing No. 208 at 2 ¶ 5; Filing No. 193 at 14. The September opinion in 8:06-CR-123 did not modify Defendant's underlying conviction, rather, it found "no reason to grant Defendant relief from the Court's judgment."[2] Given the undersigned's prior findings, the new opinion in 8:06-CR-123 is not enough to justify reopening Defendant's detention. Accordingly, the Court also denies Defendant's request to hold a hearing to review his criminal history for this purpose. Filing No. 201.

Third, Defendant moves to exclude all the government's evidence and witnesses. Filing Nos. 196, 197, 202, 203, and 206. The only basis he identifies in support of these requests are grounded in frivolous sovereign citizen arguments. Finally, a few additional arguments in these motions are addressed and denied elsewhere in this Order. Any remaining arguments in these filings are denied as untimely because they were mailed and filed long after the pretrial motions deadline lapsed on June 13, 2024. Filing Nos. 196, 197, 200, 201, 202, 203, 204, 206, 207, and 208 are denied.

**Filing No. 198:**

Defendant moves to proceed in forma pauperis to pay a bond. The Court has not set a bond in this case, and it already previously found Defendant indigent. *See* Filing No. 87 at 19; *see also* Filing No. 135 at 9 (Part III.A). Filing No. 198 is denied.

**Filing No. 205:**

Defendant moves for the return of his property. Filing No. 205 is denied in part as duplicative of Defendant's other motions to return property currently pending before the Court—Filing Nos. 126, 150, and 163. Defendant also moves to cancel the October 3, 2024 evidentiary hearing on his property motions. The Court "<u>must</u> receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. Proc. 41(g) (emphasis added). The Court previously set an evidentiary hearing to receive evidence on the factual issues it needs to decide Defendant's property motions. Filing No. 172 at 2–3. Since Defendant continues to seek the return of his property, the evidentiary hearing on October

---

[2] The Court takes judicial notice of this opinion. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (Court "may take judicial notice of judicial opinions and public records").

3, 2024 will proceed as scheduled. Finally, a few additional arguments in this motion are addressed and denied elsewhere in this Order. Filing No. 205 is denied.

## CONCLUSION

Accordingly,

IT IS ORDERED as follows:

1) Filing Nos. 176, 191, 195, 196, 197, 198, 200, 201, 202, 203, 204, 205, 206, 207, and 208 are denied.

2) Motion to Suppress:

    a. Defendant may either (1) file an amended motion to suppress on or before **October 11, 2024** or (2) file a motion indicating he wishes to reinstate his withdrawn amended motion to suppress (Filing Nos. 106, 107, and 127) on or before **October 11, 2024**. If Defendant does not timely file an amended motion to suppress or a motion to reinstate, the Court will presume Defendant does not wish for the Court to rule on his arguments to suppress evidence.

    b. The Court finds that the ends of justice served by granting Defendant's motion to continue the motion to suppress deadline, Filing No. 146,[3] outweigh the interests of the public and the Defendant in a speedy trial, and the additional time arising as a result of granting the motion, the time between today's date and October 11, 2024 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although Defendant and counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(1) & (h)(7). Failing to timely object to this order as provided in this Court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

---

[3] The Court previously ruled on Filing No. 146 in its September Order. Filing No. 172. It now resets the motion to suppress deadline in this Order.

Dated this 2nd day of October, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge