IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **4:24CR3048** |
| vs. | |
| JAMAAL MCNEIL, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Now pending before the Court are forty-four pretrial motions filed by pro se Defendant Jamaal McNeil. Filing Nos. 214–27, 229, 231–33, 235–37, 239–43, 246, 248–55, 257–65. The Court addresses each of Defendant's pending motions as set forth below.

**BACKGROUND AND PROCEDURAL HISTORY**

The Court set the pretrial motions deadline for June 13, 2024. Filing No. 12. In its Findings, Recommendation, and Order dated August 7, 2024 ("August Order"), the Court extended Defendant's deadline to file an amended motion to suppress until August 16, 2024 but did not otherwise extend the June 13, 2024 pretrial motions deadline. In its Memorandum and Order dated September 13, 2024 ("September Order") the Court (1) denied Defendant's motion to reopen and extend the pretrial motions deadline for motions other than a motion to suppress and (2) granted Defendant's motion to withdraw his motion to suppress—Filing Nos. 106, 107, and 127. In its Memorandum and Order dated October 2, 2024 ("October Order"), the Court set October 11, 2024 as the deadline for Defendant to either file an amended motion to suppress or a motion to reinstate his withdrawn motion to suppress.

1

Defendant subsequently filed forty-five new motions. Filing No. 266 is an objection to the undersigned's prior orders currently pending before the District Judge. The Court addresses Defendant's remaining motions as set forth herein.

## ANALYSIS

### I.     Untimely Pretrial Motions.

A pretrial motion is a motion raising "any defense, objection, or request that the [C]ourt can determine without a trial on the merits." Fed. R. Crim. Proc. 12(b)(1). "A party's failure to file a pretrial motion by the court-imposed deadline constitutes a waiver of the issue." *United States v. Floyd*, No. 3:20-CR-30082, 2024 WL 1154849, at *3 (D.S.D. Mar. 18, 2024) (citing *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011)). However, the Court may still "consider the defense, objection, or request" in an untimely pretrial motion "if the party shows good cause." Fed. R. Crim. Proc. 12(c)(3).

The pretrial motions deadline lapsed June 13, 2024. The pretrial motions deadline was communicated to Defendant during the initial appearance on May 23, 2024. *See* Filing No. 10 (minute entry). The Court warned Defendant in its September 27, 2024 Order that it would not consider and would summarily deny any further pretrial motions except (1) a timely filed motion to suppress, (2) Defendant's pending motions for return of property (Filing Nos. 126, 150, and 163), and (3) any timely filed, appropriate motions in limine. Filing No. 209.

Defendant moves the Court to reopen and extend the pretrial motions deadline. Alternatively, he argues there is good cause to consider his untimely filed pretrial motions. Filing No. 229. Defendant's arguments in support of his motion are largely nonsensical. Defendant generally asserts he wishes to present new evidence but does not articulate or describe this evidence. The Court will not reopen the pretrial motions deadline for Defendant to continue flooding the docket with repetitive motions on these representations.

Additionally, there is no good cause to consider Defendant's untimely pretrial motions. Defendant mailed and filed each of these motions nearly four months after the pretrial motions deadline lapsed. The Court carefully reviewed each motion and notes

Defendant is not seeking new relief or making new arguments.[1] Rather, Defendant continues to assert frivolous sovereign citizen arguments and arguments the Court previously ruled upon in its prior orders. Defendant did not show good cause for the Court to consider his new pretrial motions. Filing Nos. 214, 215, 216, 217, 218, 219, 221, 227, 229, 231, 232, 233, 235, 241, 243, 245,[2] 246, 248, 251, 254, 255, 256,[3] 257, 258, and 259 are denied.

## II.    Duplicative Motions.

Defendant also files several duplicative motions. First, Filing Nos. 222 and 242 are denied as duplicative of the motions to return property (Filing Nos. 126, 150, and 163) currently pending before the Court. The Court will, however, consider Defendant's newly raised argument in Filing No. 222 that the government "do[es] not need the funds for trial or [any] other proceedings or hearings" when it rules upon the motions to return property.

Second, Filing Nos. 226, 252, and 266 are nearly identical. All three motions are labeled motions for rehearing and reconsideration. Defendant specifies Filing No. 266 is an amended motion and dates it a few days after the other two filings. Defendant also asserts new arguments in Filing No. 266 in addition to reiterating substantially the same arguments he first asserted in Filing Nos. 226 and 252. The Court finds Filing No. 266 is an amended version of Filing Nos. 226 and 252 and denies Filing Nos. 226 and 252 as moot.

Third, Defendant files several motions objecting to the undersigned's prior orders. The objections in these motions are conclusory with little to no explanation. Defendant frequently includes a line at the end of the motion indicating "[a]ll additional evidence and defense is herein stated in the motion for rehearing/reconsideration for argument." *See, e.g.*, Filing No. 220 at 2 ¶ 4. Defendant then repeats the same or substantially similar objections in the amended motion for rehearing and reconsideration at Filing No. 266. Filing No. 266 is also more detailed than these other motions. Accordingly, the Court

---

[1] To the extent Defendant is requesting the Court exclude evidence in any of these motions, the requests to exclude evidence are denied as duplicative prayers for relief. The Court addresses Defendant's substantive motions to exclude evidence and Defendant's motions to suppress elsewhere in this Order.

[2] The Court construes page 5 of Filing No. 245 as a motion.

[3] The Court construes page 5 of Filing No. 256 as a motion.

denies Filing Nos. 220, 223, 224, 225, 249, 250, 253, 261, 262, 263, 264, and 265 as duplicative. Filing No. 266 is currently pending before the District Judge.

### III.    Motion to Suppress.

Defendant filed two motions to exclude evidence, located at Filing Nos. 260 and 239. Filing No. 239 is denied as duplicative of Filing No. 260. Filing No. 260 is a motion to exclude evidence pursuant to Federal Rules of Evidence 402 and 403. This motion is not a motion to suppress, it is a motion in limine. Defendant solely relies on sovereign citizenship arguments in support of his motion. These arguments are frivolous. Additionally, Defendant may not file a motion in limine earlier than twenty-one days prior to trial. Filing No. 209 at 18 ¶ 2. Trial is not currently set in this case. The Court's progression order warns Defendant it may summarily deny untimely motions in limine. Filing No. 260 is denied.

Defendant also timely filed two motions to suppress, located at Filing Nos. 236 and 240, prior to the motion to suppress deadline lapsing on October 11, 2024. Defendant did not file a brief in support of either motion. The Court deems Defendant's previous filings, Filing Nos. 122 and 134, briefs in support of his newly filed motions to suppress. *See* Filing No. 135 at 17 (construing Filing Nos. 122 and 134 as briefs in support of his now-withdrawn motion to suppress). The government filed a response incorporating its previously filed briefs, Filing Nos. 84 and 170, and index of evidence, Filing No. 171, in its opposition to Defendant's new motions. Filing No. 267. No further briefing is permitted absent Court order.

The Court will enter a separate order setting the motions to suppress for an evidentiary hearing. The Court therefore grants Defendant's motion for an evidentiary hearing, Filing No. 237, in part. Filing No. 237 is denied to the extent Defendant is requesting an evidentiary hearing on the merits or on any other motion. The Court will set this case for trial after it rules on all of Defendant's pending pretrial motions, including his motions to suppress.

**CONCLUSION**

Accordingly,

IT IS ORDERED as follows:

1)  Filing Nos. 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 229, 231, 232, 233, 235, 239, 241, 242, 243, 245, 246, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, and 265 are denied.

2)  Filing No. 237 is granted in part and denied in part.

3)  **Motion to Suppress.**

    a.  Defendant's motions to suppress are located at Filing Nos. 236 and 240.

    b.  The Court deems Defendant's previous filings, Filing Nos. 122 and 134, briefs in support of his motions to suppress.

    c.  The Court will enter a separate order setting the motions to suppress for an evidentiary hearing.

Dated this 29th day of October, 2024.


BY THE COURT:


*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

5