IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMAAL MCNEIL,<br><br>Defendant. | 4:24CR3048<br><br>ORDER |

Now pending before the Court is the government's motion for clarification and/or reconsideration, Filing No. 340, of the undersigned's findings pertaining to Investigator Masek's credibility in the Findings, Recommendation, and Order (Filing No. 323) on pro se Defendant Jamaal McNeil's motions to suppress. The government seeks clarification as to whether the Court found Masek testified honestly to the best of his ability (but was incorrect) or testified falsely and dishonestly. Defendant objects to the government's motion.[1] The District Judge referred the Findings, Recommendation, and Order, Filing No. 323, back to the undersigned for reconsideration based on the government's motion. Filing No. 342.

Also pending before the Court is Defendant's motion for reconsideration of the undersigned's Findings, Recommendation, and Order as well as several new motions.

---

[1] The Court disregards Defendant's initial assertions that he was not served the government's motion because he later acknowledges receipt: "The Defendant just received the plaintiff's motion and brief, and objected to it in the herein brief . . . ." Filing No. 345 at 6 ¶ 28. The Court also disregards Defendant's notice, Filing No. 344, of his intent to file an objection to the government's motion and his own motion for reconsideration because Defendant did, in fact, file objections and a motion for reconsideration as addressed herein.

1

Filing Nos. 345, 347, 348, 349, 351, and 359. The undersigned addresses the government's motion for clarification and/or reconsideration first.

There are many reasons an individual's testimony on a narrow or specific issue may not be credible. This can include time lapse, which would allow an individual's memory to reasonably fade; physical limitations, such as a visual obstruction or not being present to observe the scene; or intentional misrepresentations. Though there are categories of testimony that can be deemed not credible due to dishonesty, that was not the case in this matter. The undersigned did not discredit Investigator Masek's testimony because she believed he was being dishonest or testifying falsely.

To reiterate the facts detailed in the Findings, Recommendation, and Order, Masek testified at the motion to suppress hearing that, to his knowledge, the only question investigators asked Defendant during the traffic stop was a single question posed by Investigator Barksdale. Filing No. 323 at 3–4. The BWC footage from the traffic stop generally shows investigators speaking to Defendant throughout the encounter and, at one point, shows multiple investigators speaking to Defendant for approximately seven minutes. Filing No. 323 at 4, 16. The conversation between Defendant and investigators is generally inaudible but the undersigned could hear at least a few questions outside of the singular question Masek testified investigators asked Defendant during the encounter. Filing No. 4, 16.

As the undersigned stated in the Findings, Recommendation, and Order, it was "unclear whether Masek knew about this conversation" between Defendant and investigators, Filing No. 323 at 4, "was aware of or present for the entire conversation between Defendant and investigators," Filing No. 323 at 16, and "Masek testified that, *to his knowledge*, investigators only asked one question." Filing No. 323 at 16 (emphasis added). This, coupled with the BWC footage, which is a reproduction of the occurrences on the day of the arrest, made the BWC footage a more accurate representation of the events which occurred that day. As such, the undersigned relied upon that reproduction when reaching the conclusions set forth in the Findings, Recommendation, and Order.

The government's motion for reconsideration/clarification, Filing No. 340, is granted in part and denied in part. The motion is denied in part because the undersigned

is not reconsidering her findings in the Findings, Recommendation, and Order and those findings remain unchanged. The motion is granted in part for the undersigned to clarify her intended findings as set forth above. To clarify, the undersigned did not, and does not, believe Investigator Masek's testimony was intentionally dishonest or false. The undersigned overrules Defendant's objections to the government's motion and denies his motions, Filing Nos. 347 and 348, objecting to the government's motion.

Next, the undersigned turns to Defendant's new motions.[2] First, Defendant requests the undersigned reconsider her Findings, Recommendation, and Order and recommend the Court grant his motions to suppress and dismiss this case. Filing No. 345. None of Defendant's arguments provide a basis for the undersigned to reopen the suppression hearing, reconsider her recommendations on Defendants' motions to suppress, or reconsider the Court's order on Defendant's other motions. *See also* Filing No. 346 (supporting brief). Filing No. 345 is denied.

Second, Defendant again moves to reopen the detention hearing. Filing No. 351. He also moves to subpoena medical records from Saline County Jail, Filing No. 349, and moves for a teleconference to present those medical records in support of his motion to reopen detention. Filing No. 359. The Court has already denied Defendant's previous motions to reopen detention on the grounds that he is suffering from a medical condition. Filing No. 343; *see* Filing Nos. 330 and 335.

The Court may reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

The Court reviewed Defendant's new motions, as well as the pretrial services report and the Court's initial detention order (which considered the presumption of

---

[2] The Court only addresses Defendant's new substantive arguments. For the reasons expressed in prior orders, the Court disregards any arguments it has previously ruled upon and/or that are grounded in Defendant's belief that he is a sovereign citizen. These arguments lack merit and do not affect the Court's rulings on Defendant's motions.

detention that applies to Defendant's charge, see 18 U.S.C. § 3142(e)). Even assuming the subpoenaed medical records would support Defendant's assertions that he suffers from a medical condition (which this Court has already considered), there is no new information that has a material bearing on the issue as to whether there are conditions of release that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community. See 18 U.S.C. § 3142(f)(2). As such, there is no basis to reopen detention and no basis to subpoena the medical records. Filing Nos. 351, 349, and 359 are denied.

Accordingly,

**IT IS ORDERED** as follows:

1) The government's motion for clarification and/or reconsideration, Filing No. 340, is granted in part and denied in part as set forth herein. The Findings, Recommendation, and Order, Filing No. 323, is referred to the District Judge. **The government shall file its response to Defendant's Objection, Filing No. 324, to the undersigned's Findings, Recommendation, and Order within 14 days of the date of this Order**.

2) Filing Nos. 345, 347, 348, 349, 351, and 359 are denied.

Dated this 10th day of April, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge