IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JAMAAL MCNEIL,<br><br>　　　　　　Defendant. | 4:24CR3048<br><br>MEMORANDUM AND ORDER |

　　　This matter is before the Court on Defendant's Objection to the Magistrate Judge's Findings and Recommendation (Filing No. 324), as well as multiple other motions filed by Defendant. (Filing No. 236; Filing No. 240; Filing No. 325; Filing No. 327; Filing No. 328; Filing No. 329; Filing No. 331; Filing No. 332; Filing No. 333; Filing No. 336; Filing No. 338; Filing No. 352; Filing No. 354; Filing No. 355; Filing No. 356; Filing No. 357; Filing No. 358; Filing No. 360; Filing No. 362; Filing No. 363; Filing No. 364; Filing No. 365; Filing No. 367; Filing No. 368; Filing No. 369; Filing No. 370; Filing No. 371; Filing No. 372; Filing No. 373; and Filing No. 374). The motions will be denied and the Objection overruled.

## BACKGROUND

　　　Defendant was indicted with one count of possession with intent to distribute fifty (50) grams or more of methamphetamine while he had a previous conviction for a serious drug felony. (Filing No. 1.) The charges stem from a traffic stop which resulted in Defendant's seizure, search, and arrest, and subsequent issuance of a search warrant for Defendant's residence.

　　　On October 3, 2024, Defendant filed two motions to suppress (Filing No. 236; Filing No. 240). The Magistrate Judge held an evidentiary hearing regarding the motions on December 19, 2024. (Filing No. 322.) The Magistrate Judge entered a Findings and Recommendation on February 18, 2025, recommending that Defendant's motions to suppress be granted in part and denied in part.

In the Findings and Recommendation, the Magistrate Judge broadly construed Defendant's pleadings, summarizing that Defendant was seeking to suppress any statements he made during the traffic stop and his transportation to jail, as well as evidence seized from his person, vehicle, and apartment. The Magistrate Judge noted that Defendant also requested a *Franks* hearing based on alleged omissions from the affidavit used to secure the warrant for the search of his residence. As to these issues, the Magistrate Judge found that investigators had probable cause to believe Defendant was selling crack cocaine and that there would be crack cocaine found inside the car he was driving when investigators initiated the traffic stop. (Filing No. 323.) The Magistrate Judge found that this probable cause authorized investigators to initiate the traffic stop, arrest Defendant without a warrant, and conduct the warrantless search of his car. (Filing No. 323.) The Magistrate Judge also determined the duration of the stop was lawful. (Filing No. 323.) Additionally, the Magistrate Judge concluded that the warrantless search of Defendant's person was constitutional because investigators could search Defendant without a warrant pursuant to the search incident to an arrest exception to the warrant requirement. (Filing No. 323.) As to statements Defendant made at the scene of the traffic stop, the Magistrate Judge determined that investigators violated Defendant's *Miranda* rights, and that suppression of two of Defendant's statements made at the scene was warranted. (Filing No. 323.) The Magistrate Judge explained, however, that Defendant's statements were not involuntarily coerced, and that the *Miranda* violations did not justify suppression of any physical evidence. (Filing No. 323.)

Following issuance of the Findings and Recommendation, the government filed a motion requesting that the Magistrate Judge clarify a comment made in the Findings and Recommendation. (Filing No. 340.) Specifically, the government requested that the Magistrate Judge clarify whether she found Investigator Brent Masek ("Investigator Masek") to have testified honestly, to the best of his ability, or whether she had concluded he had testified dishonestly. The government's request was based on a statement the Magistrate Judge made in her Findings and Recommendation when addressing the *Miranda* issue. In particular, the Magistrate Judge wrote: "Masek testified that, to his knowledge, investigators only asked Defendant one question. It is unclear whether Masek was aware of or present for the entire conversation between Defendant and investigators. Masek's testimony is inconsistent with the BWC footage (in which the undersigned can hear at least a few questions outside of what Masek testified to) and, therefore, is not credible on this specific issue." (Filing No. 323.) The Magistrate Judge issued an order granting the

government's motion for clarification, in part, advising that in her Findings and Recommendation she did not discredit Investigator Masek's testimony because she believed he was being dishonest or testifying falsely. (Filing No. 361.) The Findings and Recommendation was otherwise left unchanged.

Defendant filed his Objection to the Magistrate Judge's Findings and Recommendation on February 28, 2025 (Filing No. 324), along with multiple other motions. Defendant filed many more motions on both March 17 and April 23, 2025. (Filing No. 236; Filing No. 240; Filing No. 325; Filing No. 327; Filing No. 328; Filing No. 329; Filing No. 331; Filing No. 332; Filing No. 333; Filing No. 336; Filing No. 338; Filing No. 352; Filing No. 354; Filing No. 355; Filing No. 356; Filing No. 357; Filing No. 358; Filing No. 360; Filing No. 362; Filing No. 363; Filing No. 364; Filing No. 365; Filing No. 367; Filing No. 368; Filing No. 369; Filing No. 370; Filing No. 371; Filing No. 372; Filing No. 373; Filing No. 374).

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1), when a party objects to a proposed findings of fact and recommendation by a magistrate judge, the Court must "make a de novo determination of those portions . . . to which objection is made." *Id. See also Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If desired, a reviewing district court judge may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

When a party contests a magistrate judge's findings that resulted from an evidentiary hearing, the reviewing district court judge does not need to conduct another hearing. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 "calls for a de novo determination, not a de novo hearing"). Instead, the district court discharges its duty by, at a minimum, listening to a tape recording or reading a transcript of the evidentiary hearing. *See*

*United States v. Azure*, 539 F.3d 904, 910–11 (8th Cir. 2008). Here, the Court has read the transcript of the hearing and has reviewed the exhibits admitted there.[1]

## DISCUSSION

As an initial matter, Defendant's motions are largely illegible and unintelligible. Many of them are duplicative, contain no legitimate basis for relief, and/or are untimely. The Court previously advised Defendant that he needed to set forth any objections to the Magistrate Judge's Findings and Recommendation with specificity, but Defendant has failed to do so. Nevertheless, the Court has waded through Defendant's motions and objections as best as possible. Having done so, it is abundantly clear that Defendant's latest barrage of filings, including his Objection to the Magistrate Judge's Findings and Recommendation, are entirely frivolous.

### 1.     Objection to Findings and Recommendation

Defendant's Objection to the Findings and Recommendation contains a litany of complaints, most of which have nothing to do with the Findings and Recommendation or motions to suppress. Instead, as best the Court can tell, these complaints are thinly veiled attempts to relitigate certain matters and/or make new arguments out of time. To the extent Defendant's objections do not actually relate to the Findings and Recommendation and issues pertinent to the motions to suppress, they will not be addressed in this Memorandum and Order as they are untimely, duplicative or both.[2]

As best the Court can decipher, one of Defendant's complaints is that the Magistrate Judge did not address his argument that he was unlawfully arrested, searched and seized because he had a drug tax stamp. While the Magistrate Judge may not have explicitly addressed this issue in the Findings and Recommendation, she rejected this argument in an earlier order—and rightly so. (Filing No. 135.) Issues pertaining to a drug tax stamp are irrelevant to the charges pending against

---

[1] Notably, Defendant filed motions seeking *de novo* review of the Magistrate Judge's Findings and Recommendation. (Filing No. 325; Filing No. 364.) As this is the appropriate standard of review, Defendant's motions seeking *de novo* review are denied as moot.

[2] Defendant complains that he did not get to present evidence before a grand jury and raises miscellaneous sovereign citizen arguments. These arguments have all been previously litigated and found meritless. (Filing No. 135.) For the reasons previously stated, Defendant's objections relating to these matters are overruled and will not be addressed further in this Order.

Defendant and have no bearing on the suppression matters before the Court. To the extent Defendant contends he should not have been arrested because he had a drug tax stamp, this argument is entirely meritless. Defendant was not licensed to possess methamphetamine. Officers had probable cause to stop and arrest Defendant—as correctly found by the Magistrate Judge.

Defendant also argues that the government waived its right to object to certain findings in the Magistrate Judge's Findings and Recommendation. As Defendant was previously advised, there is no requirement for a party to object to an order. It is true that any objections must be made within a certain period, but the government's decision not to object to a particular order does not affect the government's ability to properly respond to future rulings. Here, the government has not objected to the Magistrate Judge's Findings and Recommendation, so there are no grounds for a waiver argument as it pertains to the motions to suppress.

Defendant also appears to complain that Investigator Masek's testimony at the evidentiary hearing was not credible, and that the Magistrate Judge made this finding, but later (upon the government's motion) changed her mind. The Court disagrees with Defendant's characterization of events. The Magistrate Judge did not conclude Investigator Masek testified falsely in her Memorandum and Order. Rather, the Magistrate Judge determined that she could not use Investigator Masek's testimony as grounds to find that officers did not ask Defendant more than one question. Investigator Masek testified at the hearing that, to his knowledge, the only question investigators asked Defendant during the traffic stop was a single question posed by Investigator Barksdale. The video footage from the traffic stop shows multiple investigators speaking to Defendant for a few minutes during the encounter. (Filing No. 323.) The conversation between Defendant and investigators was inaudible at times, but the Magistrate Judge determined she could hear at least a few questions.

Citing this evidence, the Magistrate Judge explained that although Investigator Masek testified that, *to his knowledge*, investigators only asked Defendant one question, it was unclear whether Investigator Masek was aware of or present for the entire conversation between Defendant and investigators. While the Magistrate Judge stated Investigator Masek was "not credible on this specific issue," taken in context with the remainder of the Memorandum and Order, it is apparent the Magistrate Judge only meant that Investigator Masek's testimony could not support the

conclusion that Defendant was only asked one question. In other words, the Magistrate Judge did not conclude that Investigator Masek was dishonest. Therefore, Defendant's objections based on the credibility of Investigator Masek will be overruled.

In addition to reviewing Defendant's specific and understandable objections to the Findings and Recommendation pertaining to the motions to suppress—which are discussed above—the Court has conducted a *de novo* review of the motions to suppress in their entirety, along with a review of the Magistrate Judge's Findings and Recommendation in its entirety, to ensure the Magistrate Judge's conclusions are legally and factually sound. The Court finds that they are. Therefore, Defendant's motions to suppress will be denied, in part, as found by the Magistrate Judge.

**2.    Miscellaneous Pretrial Motions**

The pretrial motions deadline lapsed on June 13, 2024. (Filing No. 12.) The Court denied Defendant's motion to reopen and extend the pretrial motions deadline for motions other than a motion to suppress. (Filing No. 172.) The deadline to file motions to suppress lapsed October 11, 2024. (Filing No. 210.)

Defendant's latest series of motions primarily reassert previously raised (and rejected) arguments. The motions consist as the following: (1) motions for return of property (Filing No. 327; Filing No. 352; Filing No. 368); (2) motions for "Nebraska uniform enforcement of foreign judgments" (Filing No. 328; Filing No. 356; Filing No. 371); (3) motions for "judicial notice of foreign law" (Filing No. 336; Filing No. 354; Filing No. 365); (4) motions to suppress (Filing No. 329; Filing No. 355; Filing No. 372); (5) motions to dissolve, withdraw and terminate "no notice injunctions" (Filing No. 331; Filing No. 360; Filing No. 369); (6) motions for hearings (Filing No. 332; Filing No. 357; Filing No. 370); (7) motions for subpoenas (Filing No. 333; Filing No. 373); (8) motions to quash (Filing No. 338; Filing No. 358); (9) motion for a detention hearing (Filing No. 367); (10) motion to alter or amend judgment (Filing No. 363); (11) motion to strike (Filing No. 362); and (12) motion to proceed *in forma pauperis* (Filing No. 374).[3] These motions are untimely and Defendant has not shown good cause for his late filings. Additionally, none of the

---

[3] Defendant was previously found indigent and appointed counsel. However, Defendant has decided to proceed *pro se* in this matter, though standby counsel remains available.

motions set forth any information which would potentially warrant the Court's reconsideration of its earlier rulings, nor has he stated any legitimate legal grounds for relief. Therefore, these motions are all denied.

Accordingly,

**IT IS ORDERED:**

1.  Defendant's Objection to the Findings and Recommendation (Filing No. 324) is overruled.

2.  The Magistrate Judge's Findings and Recommendation (Filing No. 323) is accepted in its entirety.

3.  Defendant's Motions to Suppress (Filing No. 236 and Filing No. 240) are granted in part and denied in part as found by the Magistrate Judge in her Findings and Recommendation (Filing No. 323.)

4.  Defendant's other miscellaneous motions found at Filing No. 236; Filing No. 240; Filing No. 325; Filing No. 327; Filing No. 328; Filing No. 329; Filing No. 331; Filing No. 332; Filing No. 333; Filing No. 336; Filing No. 338; Filing No. 352; Filing No. 354; Filing No. 355; Filing No. 356; Filing No. 357; Filing No. 358; Filing No. 360; Filing No. 362; Filing No. 363; Filing No. 364; Filing No. 365; Filing No. 367; Filing No. 368; Filing No. 369; Filing No. 370; Filing No. 371; Filing No. 372; Filing No. 373; and Filing No. 374 are denied.

5.  This matter will be set for trial by separate order.

Dated this 23rd day of May, 2025.

BY THE COURT:

*Susan M Bazis*
Susan M. Bazis
United States District Judge