IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | **4:24CR3048** |
| JAMAAL MCNEIL, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Now pending before the Court are multiple motions filed by *pro se* Defendant Jamaal McNeil. The motions found at Filing No. 381, Filing No. 382, Filing No. 383, Filing No. 384, Filing No. 385, Filing No. 386, Filing No. 387, Filing No. 388, Filing No. 389, Filing No. 390, Filing No. 391, Filing No. 393, Filing No. 394, Filing No. 397, Filing No. 398, Filing No. 399, Filing No. 400, Filing No. 401, Filing No. 402, Filing No. 403 and Filing No. 404 were filed on June 4, 2025. The motions found at Filing No. 408, Filing No. 409, Filing No. 411, and Filing No. 412 were filed on June 16, 2025. The motions found at Filing No. 418, Filing No. 420, and Filing No. 421 were filed on June 20, 2025. The motions found at Filing No. 422 and Filing No. 423 were filed on July 7, 2025. The motions will all be denied.

## BACKGROUND

Defendant was indicted with one count of possession with intent to distribute fifty (50) grams or more of methamphetamine while he had a previous conviction for a serious drug felony. (Filing No. 1.) The charges stem from a traffic stop which resulted in Defendant's seizure, search, and arrest, and subsequent issuance of a search warrant for Defendant's residence.

The Court held a hearing in this case on June 18, 2025, regarding Defendant's Motion for Continuance (Filing No. 407) and Motion to Vacate (Filing No. 410). The Court granted these motions, and the trial was continued to October 20, 2025. (Filing No. 415; Filing No. 416.) The Amended Final Trial Order set September 29, 2025, as the deadline for the filing pretrial motions concerning issues that have *not been previously addressed* by the Court, such as motions in limine. (Filing No. 417.)

**DISCUSSION**

Over the course of this action, Defendant has filed a of host of motions. Most of them have been illegible and unintelligible. Also, many of them have been duplicative, or have stated no legitimate basis for relief. Defendant's latest series of motions are essentially more of the same. Most are untimely, duplicative, and reassert previously raised (and rejected) arguments. This time around, Defendant has apparently taken a "kitchen sink" approach to his filings, combining unrelated types of relief in the same motion, and repeating the same requests for relief in other now-pending motions. Nevertheless, the Court has meticulously reviewed the motions to determine if Defendant has sought any new and legitimate requests for relief. With a couple exceptions discussed below, the Court concludes that Defendant has not sought—through his latest round of filings—relief that has not been previously addressed by the Court.

The motions found at Filing Nos. 386, 388, 389, 393, 394, 399, 400, 404, and 418 all seek relief that was previously considered by the Court. Therefore, these motions will be denied as untimely, duplicative and, for reasons already stated, meritless.

Several of Defendant's motions request that the pretrial motion deadline be extended. (Filing No. 381; Filing No. 382; Filing No. 385; Filing No. 386; Filing No. 389; Filing No. 390; Filing No. 393; Filing No. 399; Filing No. 400; Filing No. 402; Filing No. 403; Filing No. 404.) The deadline for filing pretrial motions for matters unrelated to things previously addressed by the Court has already been moved to September 29, 2025. The deadline and parameters for pretrial motions will not be changed again. Defendant's requests for amendment of the pretrial motion deadline will be denied.

Many of Defendant's latest motions seek relief related to motions to suppress that were previously ruled-upon by the Court. (Filing No. 383; Filing No. 384; Filing No. 385; Filing No. 386; Filing No. 387; Filing No. 391; Filing No. 393; Filing No. 394; Filing No. 399; Filing No. 400; Filing No. 401; Filing No. 403; Filing No. 408; Filing No. 411; Filing No. 418.) Defendant's motions to suppress were reviewed and examined extensively by the Court on several occasions. The Court has already advised Defendant that it will not reconsider its suppression rulings. And, in any event, none of Defendant's new motions set forth any information which would potentially warrant the Court's reconsideration of its earlier rulings, the submission of new evidence, or an

evidentiary hearing. Defendant is cautioned that any additional motions requesting relief related to suppression issues will be summarily denied without further elaboration.

Defendant has also filed a motion seeking a hearing. (Filing No. 420.) It is not entirely clear why Defendant believes a hearing is necessary. As best the Court can decipher, it appears the purpose of the requested hearing is to discuss the suppression issues that have been handled ad nauseum by the Court. If Defendant would like a hearing to address something different, he may request this relief, but he must do so clearly while specifically delineating the matters he wants to discuss. To be clear: Any request to discuss or offer additional evidence pertaining to the suppression issues or previously entered orders will not be entertained. Therefore, Defendant's motion for a hearing will be denied.

A few of Defendant's currently pending motions request that this case be dismissed, and that he be released from custody. (Filing No. 385; Filing No. 386; Filing No. 390; Filing No. 393; Filing No. 397; Filing No. 401; Filing No. 404.) Defendant requested this type of relief in multiple earlier motions, which was denied by the Court. Defendant has not presented any new arguments regarding his request for dismissal, not to mention, the date for filing such a request has long passed. Therefore, Defendant's request that this case be dismissed is denied. As to Defendant's request to be released from custody, Defendant has not set forth any new information which would warrant reconsideration of the Magistrate Judge's previous orders on this issue. Therefore, Defendant's request to be released from custody is denied.

Filing No. 403, which Defendant calls "Motion to Close All Accounts," requests that "all accounts" be "discharged and closed, as the defendant paid the debt." (Filing No. 403.) Similarly, through Filing No. 409, Defendant seeks to "remand" this case to state court because "this case is done and final, and the defendant already paid the debt with a surety bond" and was discharged "by the clerk and the I.R.S." (Filing No. 409.) In this case, Defendant is charged with possession with intent to distribute methamphetamine while he had a previous conviction for a serious drug felony. Any alleged discharge from "debt" or "accounts" has absolutely nothing to do with these *criminal charges*. Therefore, these motions will be denied.

Defendant has also filed a couple motions purporting, at least in part, to be motions in limine. (Filing No. 390; Filing No. 398.) In Filing No. 390, Defendant requests that the Court

strike all "evidence, charges, indictments, briefs, motion for considerations, objections, drugs, warrants, affidavits, discovery, audio and video, informants/witnesses and witness testimonies" because they are "surplusage." Essentially, in Filing No. 390, Defendant requests that the Court exclude all the Government's evidence. Defendant makes this request explicitly in Filing No. 398, asking the Court to exclude "all evidence" and dismiss the case.  However, in each of these motions, Defendant states no rational basis for exclusion of evidence.  Defendant cannot simply tell the Court it should exclude everything and then supply no grounds for the Court to do so. Therefore, these motions will be denied.

      Defendant identifies Filing No. 421 as a "brief" in support of motion in limine but does not specify which motion the brief is supposed to support.  (Filing No. 421.) As far as the Court can tell, the brief is actually a summary of all the other motions he has filed and also a re-request for the relief sought in those motions. However, the "brief" does include a list of evidence that Defendant believes should be suppressed and excluded.  Most of the evidence listed was the subject of the earlier suppression rulings—which as explained over and over again—will not be reconsidered.  Like the other motions in limine, Filing No. 421 does not state a valid reason why the listed evidence should be excluded as evidence at trial. Therefore, to the extent Defendant seeks affirmative relief through Filing No. 421, it is denied.

      Filing No. 423, which Defendant calls a "Motion for Rule 52(b), and Request for Leave to Correct All Plain, Structural, Reversal, Constitutional and All Errors," asks the Court to correct all its "errors" before trial. (Filing No. 423.) This request also seeks a "correction" of all the Magistrate Judge's earlier rulings. The Court stands by its previous rulings and will not reconsider them. There is no reason to do so. To the extent this motion can be construed as another objection to the Magistrate Judge's earlier orders, it is denied as untimely.  If Defendant wants to appeal the rulings of this Court, he may do so after trial in accordance with proper rules and procedures. Somewhat relatedly, Defendant identifies Filing No. 422 as a "Motion to Preserve a Claim of Errors." (Filing No. 422.)  The Court liberally construes this "motion" as an attempt by Defendant to preserve his right to appeal this Court's rulings, including those of the Magistrate Judge, to the Eighth Circuit Court of Appeals.  Defendant will have a right to appeal to the Eighth Circuit Court of Appeals following trial, but he will need to do so in accordance with proper rules and

procedures. The Court cannot provide Defendant legal advice as to how this needs to be accomplished. Therefore, the motions found at Filing No. 422 and 423 will be denied.

Defendant has also filed a couple motions through which he purports to subpoena evidence for trial. (Filing No. 402; Filing No. 412.) These motions will be denied without prejudice to reassertion. Defendant has not followed or provided the information that is required by the Federal Rules of Criminal Procedure or this Court's local rules to allow the Court to grant these motions and issue a subpoena. In addition, neither filing specifically identifies what documents Defendant wants. For example, part of Defendant's request is for "all records of May 2, 2025." Because Defendant has not complied with the rules, it is unclear how the evidence he seeks is relevant to the criminal charges pending in this case. For instance, it is difficult for the Court to understand how information regarding drug tax stamps, taxes, or the IRS could possibly be relevant or have anything to do with whether Defendant possessed with intent to distribute methamphetamine while he had a previous conviction for a serious drug felony. Still, the Court will give Defendant an opportunity to comply with the rules and also explain why he needs the information sought in Filing Nos. 402 and 412 to defend himself against the charges brought in this case.

**IT IS ORDERED:**

1. The miscellaneous motions found at Filing No. 381, Filing No. 382, Filing No. 383, Filing No. 384, Filing No. 385, Filing No. 386, Filing No. 387, Filing No. 388, Filing No. 389, Filing No. 390, Filing No. 391, Filing No. 393, Filing No. 394, Filing No. 397, Filing No. 398, Filing No. 399, Filing No. 400, Filing No. 401, Filing No. 403, Filing No. 404, Filing No. 408, Filing No. 409, Filing No. 411, Filing No. 418, Filing No. 420, Filing No. 421, Filing No. 422 and Filing No. 423 are denied.

2. The motions found at Filing No. 402 and Filing No. 412 are denied without prejudice to reassertion.

Dated this 9th day of July, 2025.

BY THE COURT:

*Susan M. Bazis*
Susan M. Bazis
United States District Judge