IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:24CR3048 |
| vs. | |
| JAMAAL MCNEIL, | MEMORANDUM AND ORDER |
| Defendant. | |

    Now pending before the Court is pro se Defendant Jamaal McNeil's Motion to Compel for Subpoena, Filing No. 429, and Motion for Subpoena Duces Tecum, Filing No. 432. Defendant also filed a brief, Filing No. 430, in support of his motions.

    The Court previously denied two of Defendant's motions purporting to subpoena evidence for trial, Filing Nos. 402 and 412, without prejudice. The Court explained it was denying these motions without prejudice to provide Defendant an opportunity to comply with the applicable rules and explain why he needs the information sought in Filing Nos. 402 and 412 to defend himself. Filing No. 424 at 5. Defendant subsequently filed the instant motions. He moves to subpoena documents from the Department of the Treasury and the Secretary of the United States Tax Court for trial. He also moves to subpoena the Tax Commissioner, the Tax Commissioner's representative, and/or a witness from the Internal Revenue Service ("IRS") to testify and produce documents for trial.

    Although unclear, it appears Defendant is moving the Court to issue the subpoena pursuant to Federal Rule of Criminal Procedure 17(b) due to his inability to pay. *See* Filing No. 432 at 3 ¶ 6. It also appears Defendant is moving the Court for an order authorizing the issuance of a subpoena duces tecum requiring the production of the requested

1

materials before trial pursuant to Federal Rule of Criminal Procedure 17(c). The Court denies Defendant's motions without prejudice.

First, Rule 17(b) allows indigent defendants to obtain subpoenas at no cost "if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." To obtain a Rule 17(b) subpoena, an indigent defendant must do more than merely allege a witness is material and necessary to an adequate defense. *United States v. Bradford*, 806 F.3d 1151, 1155 (8th Cir. 2015) (quoting *United States v. LeAmous*, 754 F.2d 795, 798 (1985)).

Here, the Court appointed counsel because Defendant is indigent (he elected to proceed pro se). *See* Filing No. 14. However, Defendant did not explain how the witnesses or requested items he identifies in his filings are necessary for an adequate defense. Defendant is charged with a drug crime. He is not charged with a tax crime. It is unclear how testimony or documents from the Tax Commissioner, the Tax Commissioner's representative, and/or a witness from the IRS is necessary to his defense. Accordingly, the Court denies Defendant's motions, without prejudice, to the extent he is seeking a Rule 17(b) subpoena.

Second, Rule 17(c) allows the Court to direct a subpoenaed witness to produce items designated in the subpoena before trial. A Rule 17(c) subpoena is not a discovery device. *United States v. Hardy*, 224 F.3d 752, 755 (8th Cir. 2000) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219–20 (1951)). To obtain access to subpoenaed documents before trial, "the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699 (1974). In other words, "the moving party must show that the subpoenaed document (1) is relevant, (2) is admissible, and (3) has been requested with adequate specificity." *Hardy*, 224 F.3d at 755 (citing *Nixon*, 418 U.S. at 700); *see also* NECrimR 17.2(b).

Here, Defendant seeks to subpoena a broad variety of evidence, including a drug tax stamp he allegedly purchased. Defendant does not explain why the items he seeks are relevant to his defense. Defendant is not charged with a tax crime. It is unclear how evidence pertaining to a drug tax stamp, taxes, or the IRS is relevant to this prosecution. Moreover, it appears Defendant may obtain at least some of the evidence he seeks via alternative means. Filing No. 432 at 11. Defendant's motions are also denied, without prejudice, to the extent he is seeking a Rule 17(c) order authorizing the issuance of a subpoena requiring the production of materials before trial.

Given the above analysis, Defendant's motions are denied in full without prejudice. It does not appear Defendant is requesting the Clerk of the Court issue a subpoena pursuant to Rule 17(a) because he repeatedly states he cannot pay costs[1] and asks the Court to serve the subpoenas. However, given the lack of clarity in Defendant's motions and considering he is detained pretrial and proceeding pro se, the Court directs the Clerk of the Court to send Defendant three[2] blank subpoena ad testificandum forms (Form AO 89) and three blank subpoena duces tecum forms (Form AO 89B). Defendant may complete the subpoena forms and return them to the Clerk's Office. If appropriate, the Clerk will then sign and seal the subpoenas and return the subpoenas to Defendant for service.

Notably, if Defendant chooses to proceed pursuant to Rule 17(a), he remains responsible for serving each subpoena pursuant to Federal Rule of Criminal Procedure 17(d) and (e). Defendant also remains responsible for the process costs and witness fees associated with the subpoenas. Finally, since the Court denied Defendant's motions for a Rule 17(c) order without prejudice, Defendant is not authorized at this time to complete the forms to require "the production of books, documents or objects at a date, time or place other than the date, time, and place of the trial, hearing, or proceeding at which the items are to be offered in evidence." NECrimR17.2(a).

---

[1] Defendant has also filed a considerable number of in forma pauperis motions asserting he is unable to pay costs and fees. *See, e.g.*, Filing No. 431 at 2.

[2] Although unclear, it appears Defendant intends to subpoena at least three witnesses.

3

Accordingly,

IT IS ORDERED as follows:

1) Filing Nos. 429 and 432 are denied in full without prejudice as set forth herein.
2) The Clerk of the Court is directed to send Defendant three blank subpoena ad testificandum forms (Form AO 89) and three blank subpoena duces tecum forms (Form AO 89B).

Dated this 7th day of August, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge