IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:24CR3048 |
| vs. | |
| JAMAAL MCNEIL, | MEMORANDUM AND ORDER |
| Defendant. | |

    This matter is before the Court on pro se Defendant Jamaal McNeil's Motion for Leave of Court for Subpoena Duces Tecum pursuant to Federal Rule of Criminal Procedure 17(c). Filing No. 475. Although unclear, it appears Defendant is requesting a Rule 17(c) order authorizing the issuance of several subpoenas requiring the production of materials before[1] trial.[2]

    Rule 17(c) allows the Court to direct a subpoenaed witness to produce items designated in the subpoena before trial. A Rule 17(c) subpoena is not a discovery device. *United States v. Hardy*, 224 F.3d 752, 755 (8th Cir. 2000) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219–20 (1951)). To obtain access to subpoenaed documents before trial, "the moving party must show: (1) that the documents are

---

[1] In a separately filed brief, Defendant asserts he "requested for a subpoena to be issued first," before motions in limine, "as the subpoena are in the discretion of the Court and shall be issued and reviewed before all other matters that are heard, examin[ed], and determined, and once the subpoenas have been obtained by the Tax Commissioner, and the Prosecutor examine the subpoena, and the Court examine the subpoena, this matter shall be resolved . . . ." Filing No. 468 at 6 (under "Final Argument").

[2] The Court previously directed the Clerk to send Defendant three blank subpoena ad testificandum forms and three blank subpoena duces tecum forms. Filing No. 449. Defendant did not request additional forms in his motion.

evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699 (1974). In other words, "the moving party must show that the subpoenaed document (1) is relevant, (2) is admissible, and (3) has been requested with adequate specificity." *Hardy*, 224 F.3d at 755 (citing *Nixon*, 418 U.S. at 700); *see also* NECrimR 17.2(b).

      Defendant moves to subpoena the records pertaining to a specific "account" from the Internal Revenue Service ("IRS") and the Department of the Treasury. Similarly, he moves to subpoena the IRS Tax Commissioner for records, accounts, and data pertaining to payments. He also moves to generally subpoena the Clerk of the United States Tax Court for documents pertaining to case No. 11625-25. Finally, Defendant moves to subpoena documents pertaining to case No. 25-2408 from the Clerk of the Eighth Circuit and documents pertaining to what appear to be two state court cases (CR-24-409 and CR-23-13420) from the Clerk of the District Court for Lancaster County, Nebraska.

      First, Defendant is seeking documents from the IRS and the Department of the Treasury "for discharging the debt and closing the account to this case." It is unclear what this means. Similarly, it is unclear (and Defendant does not explain) why the materials he seeks to subpoena from the Tax Commissioner or Clerk of the United States Tax Court would be relevant to this prosecution. Defendant is charged with a drug crime, not a tax crime.

      Second, Defendant is seeking documents pertaining to three cases. Regarding the documents he is seeking from the Eighth Circuit, Defendant explains he "needs these documents/records to show the Court that, the U.S. Court of Appeal[s] close the herein criminal case/account, and excluded all evidence, as all tax[es] have been paid." This is incorrect. The Eighth Circuit dismissed the bulk of Defendant's motions for lack of jurisdiction and denied his remaining motions, including his petition for rehearing by the panel. Filing No. 441; Filing No. 464. Defendant did not otherwise explain why documents


filed in the Eighth Circuit appeal are relevant. Regarding the state court cases, Defendant explains he is seeking documents indicating "all records [were] excluded, and taxes [were] paid." It is unclear what this means or how this is relevant to his defense. Moreover, it appears Defendant may obtain at least some of the information he seeks from alternative sources. *See, e.g.*, Filing No. 479 at 7 (Defendant submitted the Information filed in CR24-409 in the District Court of Lancaster County, Nebraska for the Court to consider).

Accordingly, Defendant's motion for a Rule 17(c) order authorizing the issuance of subpoenas requiring the production of materials before trial is denied, in full, without prejudice.[3]

IT IS SO ORDERED.

Dated this 24th day of September, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

---

[3] Defendant's motion is also denied to the extent he is moving the Court to issue the subpoenas duces tecum pursuant to Federal Rule of Criminal Procedure 17(b) due to his inability to pay. Assuming it is possible to move under Rule 17(b) for the issuance of subpoena duces tecum, Defendant did not show the materials he wants to subpoena are necessary to his defense for the same reasons addressed herein. Fed. R. Crim. Proc. 17(b) ("Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." (emphasis added)).