IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMAAL MCNEIL,<br><br>Defendant. | 4:24CR3048<br><br>MEMORANDUM AND ORDER |

    Now pending before the Court are multiple motions filed by *pro se* Defendant Jamaal McNeil. (Filing No. 466; Filing No. 467; Filing No. 469; Filing No. 470; Filing No. 471; Filing No. 472; Filing No. 473; Filing No. 474; Filing No. 476; Filing No. 477; Filing No. 478; Filing No. 480; Filing No. 481; Filing No. 483.)

    The majority of Defendant's motions request relief that has already been denied by the Court, including requests that he be released from custody, that property be returned, that bonds be refunded, that liens and debts be deemed void or discharged, that the evidence be reopened, that evidence be suppressed, that the record be corrected, that he be allowed to proceed in forma pauperis, that orders be reconsidered, and that the case be dismissed. Nothing has changed since the Court denied Defendant's earlier motions on these topics, and the Court will not reconsider its rulings. These latest motions, including Defendant's requests for a hearing to discuss these issues, are frivolous and will be denied. (Filing No. 466; Filing No. 467; Filing No. 469; Filing No. 470; Filing No. 471; Filing No. 472; Filing No. 473; Filing No. 474; Filing No. 476; Filing No. 477; Filing No. 478; Filing No. 480; Filing No. 483.)

    Defendant has also once again requested that trial be continued so he can have more time to prepare for trial. The Court has already granted Defendant a continuance to allow him more time to prepare for trial and advised him that trial would not be moved again. (Filing No. 447.) Apparently, rather than preparing for trial, Defendant has spent his time filing frivolous motions. Defendant has not pointed to any new reason why trial should be continued. The Court finds that the ends of justice *would not* be served by granting a continuance. As Defendant was previously advised, no more trial continuances will be granted.

    The Court notes that a few of Defendant's motions indicate that evidence should be excluded from trial because a state court has already excluded the evidence. However, Defendant has not identified the evidence that the state court supposedly suppressed or indicated when this alleged suppression occurred. All Defendant has provided to the Court is a copy of an Information filed in the District Court of Lancaster County, Nebraska. (Filing No. 481.) This document does

not indicate that any evidence was excluded or deemed inadmissible by the state court. Therefore, Defendant's argument in this regard is without merit.

Defendant's motions also reference the Eighth Circuit Court of Appeal's recent order which dismissed the "extraordinary writ" and motions filed by Defendant with the Eighth Circuit. (Filing No. 441; Filing No. 442.) The Eighth Circuit dismissed Defendant's appeal because it did not have jurisdiction. (Filing No. 441; Filing No. 442.) The Eighth Circuit did not exclude any evidence or rule that this Court must dismiss the charges against Defendant. The Eighth Circuit proceedings have no impact on this case moving forward.

Finally, Defendant has identified one of his most-recent filings as a "Motion for Leave of Court to Proceed with the Motion For In Limine." (Filing No. 481.) The motion includes a list of twenty-eight categories of items that Defendant contends should be excluded from trial. For the most part, this motion appears to be an attempt to relitigate suppression issues or other issues that have already been decided by the Court. The Court's previous rulings on these issues stand and will not be reconsidered. Therefore, this request will be denied. To the extent Defendant is simply trying to preserve issues for appeal, this matter can be taken up if raised by Defendant at the hearing scheduled for October 15, 2025.

Defendant has identified a few categories of information in Filing No. 481 that could potentially be an appropriate subject for a motion in limine. It is unclear, however, how Defendant would like to proceed regarding this motion. In one breath, Defendant wants a ruling on his motion in limine now, and then in the other he wants his motion in limine to not be ruled upon until 10 days before trial. The issues set out in Defendant's motion in limine (Filing No. 481) will be addressed at the October 15 hearing. Defendant is advised that none of his other motions will be addressed or rehashed.

Accordingly,

**IT IS ORDERED** that Defendant's motions found at Filing No. 466; Filing No. 467; Filing No. 469; Filing No. 470; Filing No. 471; Filing No. 472; Filing No. 473; Filing No. 474; Filing No. 476; Filing No. 477; Filing No. 478; Filing No. 480; and Filing No. 483 are denied. Defendant's "Motion for Leave of Court to Proceed with the Motion For In Limine" (Filing No. 481) will be addressed at the October 15, 2025 hearing.

Dated this 8th day of October, 2025.

BY THE COURT:

*Susan M. Bazis*
Susan M. Bazis
United States District Judge