IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | **4:24CR3048** |
| JAMAAL MCNEIL, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Now pending before the Court are multiple motions filed by *pro se* Defendant Jamaal McNeil. (Filing No. 485; Filing No. 486; Filing No. 487; Filing No. 488; Filing No. 489; Filing No. 501; Filing No. 502; Filing No. 503; Filing No. 504; Filing No. 505; Filing No. 506.) These motions will all be denied as they are frivolous and/or seek relief previously denied by the Court.

It appears to the Court that Defendant's motions (including his request that the deadline to appeal be extended) are simply ploys to delay these proceedings. It appears Defendant is trying to prevent trial by appealing orders that, *under the law*, cannot be appealed until after trial, and if he is convicted, then after sentencing. *See* 28 U.S.C. § 1291 ("The court of appeals shall have jurisdiction of appeals from all final decisions of the district courts . . ."). The Eighth Circuit has already dismissed one of Defendant's appeals for lack of jurisdiction.

There is a "strong policy against interlocutory or "piecemeal" appeals." *United States v. Grabinski*, 674 F.2d 677, 679-80 (8th Cir. 1982). This policy is particularly strong in criminal prosecutions because the delays and disruptions by the interlocutory appeals obstruct the "effective and fair administration of the criminal law." *Id*. (citing *Dibella v. United States,* 369 U.S. 121 (1962)). Therefore, to "prevent parties from using frivolous appeals to delay or interrupt proceedings," the district court does not "lose jurisdiction to proceed with the case when one party appeals a non-appealable order." *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106-07 (8th Cir. 1999). *See also Grabinski*, 674 F.2d at 679-801 (stating that in the double jeopardy context, that if district court determines that an appeal is frivolous, "the filing of a notice of appeal will not divest the district court of jurisdiction"); *United States v. Williams*, No. 8:09CR457, 2011 WL 1136251 (D. Neb. Mar. 25, 2011) (denying continuance of trial pending an appeal of the denial of defendant's double jeopardy motion where the district court determined that the defendant's double jeopardy motion was frivolous); *United States v. Hitchmon*, 602 F.2d 689, 691 (5th Cir. 1979 (stating that filing a notice of appeal from a non-appealable order does not divest the district court of jurisdiction), *superseded on other grounds as recognized in United States v. Martinez*, 763 F.2d 1297, 1308 n.11 (11th Cir. 1985). Defendant's motions and appeals therefrom are frivolous. Therefore, Defendant's attempt to prevent trial through these appeals and motions will not work.

Also, because his appeals are frivolous at this juncture, there is no basis to extend his deadline to appeal. Therefore, Defendant's request to extend the deadline to appeal is denied.

Trial will commence on October 20, 2025.

Accordingly,

**IT IS ORDERED** that Defendant's motions found at Filing No. 485; Filing No. 486; Filing No. 487; Filing No. 488; Filing No. 489; Filing No. 501; Filing No. 502; Filing No. 503; Filing No. 504; Filing No. 505; Filing No. 506 are denied.

Dated this 8th day of October, 2025.

BY THE COURT:

*Susan M Bazis*

Susan M. Bazis
United States District Judge