IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:24CR3048 |
| vs. | |
| JAMAAL MCNEIL, | MEMORANDUM AND ORDER |
| Defendant. | |

Now before the Court is pro se Defendant Jamaal McNeil's Motion for Subpoena Duces Tecum, Filing No. 527, and corresponding motion showing an inability to pay the costs and fees associated with the requested subpoenas. Filing No. 526. The Court construes these motions as an application under Federal Rule of Criminal Procedure 17(b) for service of the subpoenas *in forma pauperis*.

Defendant moves to subpoena materials from (1) the Internal Revenue Service ("IRS") and the Tax Commissioner, (2) the IRS and the Department of the Treasury, (3) the Secretary of the United States Tax Court, (4) the Clerk of the District Court of Lancaster County, Nebraska, (5) the Clerk of the United States Tax Court, and (6) Officer Barksdale. The Court previously ordered the Clerk to mail Defendant blank subpoena forms. Filing No. 449. Defendant attached the completed forms to his motion and requests the Court issue the subpoenas due to his inability to pay. Filing No. 526; *see* Fed. R. Crim. Proc. 17(b).

Rule 17(b) allows indigent defendants to obtain subpoenas at no cost "if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." To obtain a Rule 17(b) subpoena, an indigent

1

defendant must do more than merely allege a witness is material and necessary to an adequate defense. *United States v. Bradford*, 806 F.3d 1151, 1155 (8th Cir. 2015) (quoting *United States v. LeAmous*, 754 F.2d 795, 798 (1985)).

The Court begins with Defendant's subpoenas directed to the IRS, the Tax Commissioner, the Department of the Treasury, and the Secretary and Clerk of the United States Tax Court. Defendant moves to subpoena a variety of materials, including a drug tax stamp and tax records. It is unclear why these materials are material, necessary, or relevant to Defendant's defense when Defendant is charged with a drug crime, not a tax crime. The Court will not authorize the issuance of these subpoenas at the government's expense.

The Court next turns to Defendant's motion to subpoena the Clerk of the District Court of Lancaster County, Nebraska. Defendant seeks the record in Case No. CR24-409 and Case No. CR23-13420 "of all evidence being excluded." Defendant did not, however, explain how these state court cases are related to the federal prosecution. Nor did Defendant identify what evidence was excluded or why—despite being able to access at least part of the state court record. *See, e.g.*, Filing No. 525 at 6 (Defendant submitted an order in Case No. CR24-409 for the Court to consider). Defendant does not explain how these materials are material, necessary, or relevant to his defense. Under these circumstances, the Court will not authorize a subpoena directed to the Clerk of the District Court of Lancaster County, Nebraska at the government's expense.

Finally, the Court turns to Defendant's motion to subpoena Officer Barksdale. Although unclear, it appears Defendant wants to subpoena Barksdale's testimony (and documents) for the hearing on October 15 as well as for trial. Defendant does not explain why Barksdale's testimony, or the requested materials are necessary for the October 15 hearing. Accordingly, the Court will not subpoena Barksdale to appear at the October 15 hearing at the government's expense.

However, Barksdale's testimony is relevant to trial. Barksdale authored a police report in this case, Filing No. 525 at 3, and appears on the government's witness list for trial. Filing No. 512. The Court previously found Defendant indigent and eligible for

appointment of counsel. Filing No. 14. Defendant is permitted to subpoena Barksdale for trial at the government's expense.

## CONCLUSION

Accordingly,

IT IS ORDERED:

1) Defendant's Motion for Subpoena Duces Tecum, Filing No. 527, and corresponding motion showing an inability to pay the costs and fees associated with the requested subpoenas, Filing No. 526, is granted in part and denied in part, without prejudice.

2) Defendant's application for the service of a subpoena *in forma pauperis* on Investigator Andrew Barksdale is granted in part.

    a. The Clerk shall sign, date, and deliver Defendant's subpoena, a copy of which is located at Filing No. 527-1 (page 3), to the United States Marshal. The Clerk shall attach a blank "Proof of Service" page (Form AO 89, page 2) to Defendant's subpoena.

    b. For service of the subpoena, the Clerk is directed to complete a USM-285 form. The service address for this form is:

    > Investigator Andrew Barksdale (#1733)
    > Lincoln Police Department
    > 575 South 10th Street
    > Lincoln, NE 68508

    c. Investigator Barksdale is commanded to appear in the United States District Court at the time, date, and place shown below to testify in this criminal case:

    > Place of appearance:
    >
    > > 100 Centennial Mall N
    > > The Honorable Susan M. Bazis, Fifth Floor
    > > Lincoln, NE 68508
    >
    > Courtroom No.: 1
    >
    > Date and Time: October 20, 2025 at 8:30 AM, until excused by Court.

3) Upon receipt of the subpoena, the United States Marshal shall serve the subpoenas **and a copy of this Order**, with the process costs and witness fees to be paid in the same manner as those paid for witnesses subpoenaed by the government.

4) Defendant shall provide the government with a copy of, or otherwise permit the government to review, any documents or objects obtained in response to the subpoena served.

Dated this 9th day of October, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge