IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | **4:24CR3048** |
| JAMAAL MCNEIL, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Now pending before the Court are multiple motions filed by *pro se* Defendant Jamaal McNeil. (Filing No. 481; Filing No. 520; Filing No. 521; Filing No. 522; Filing No. 523; Filing No. 524; Filing No. 535; Filing No. 540; Filing No. 541; Filing No. 544; Filing No. 545; Filing No. 546; Filing No. 548; Filing No. 552; Filing No. 557; Filing No. 559; Filing No. 561; Filing No. 565). Also pending before the Court is the Government's Motion in Limine. (Filing No. 496.)

A hearing was held regarding these motions on October 15, 2025. For the reasons stated at the hearing, and for the additional reasons stated below, Defendant's motions at Filing No. 520; Filing No. 521; Filing No. 522; Filing No. 523; Filing No. 524; Filing No. 535; Filing No. 540; Filing No. 541; Filing No. 544; Filing No. 545; Filing No. 546; Filing No. 548; Filing No. 557; Filing No. 559; Filing No. 561; Filing No. 565 are denied. Defendant's motions found at Filing No. 481 and Filing No. 552 are granted, in part, and denied, in part. The Government's Motion in Limine (Filing No. 496) is granted.

### DISCUSSION

Defendant identified one of his filings as a "Motion for Leave of Court to Proceed with the Motion For In Limine," which the Court liberally construes as a motion in limine. (Filing No. 481.) He also filed a document actually identified as a "Motion In Limine" (Filing No. 552.) Taken together, these motions request that a total of 30 categories of evidence be excluded at trial. For the most part, these motions are attempts by Defendant to relitigate suppression issues or other issues that have already been decided by the Court. The Court's previous rulings on these issues stand and will not be reconsidered.

There were, however, several items listed in Filing No. 481 and Filing No. 552 which were conceivably appropriate topics for a motion in limine. Therefore, these items were discussed at the hearing. As stated on the record, the Court will grant Defendant's request for exclusion of evidence as to points 3, 7,[1] 8, 9, and 10 as identified in Defendant's motion at Filing No. 481. Defendant's motion is also granted insofar as Defendant is seeking the exclusion of Filing No. 380—which is the Information of Prior Conviction—as that document may not be used at trial unless Defendant is found guilty as charged in the indictment. However, as stated during the hearing, Defendant's prior convictions may be used for purposes of Rule 404(b). Defendant's request for exclusion is also granted as to statements made at the traffic stop that were previously suppressed by the Court but is otherwise denied. The Court notes that Defendant withdrew his request to exclude the audio and video recordings of the traffic stop.

At the hearing, the Court reserved ruling as to Defendant's request that the controlled buy audio recording be excluded, point 22. Upon consideration, the Court will overrule Defendant's request to exclude this evidence assuming that the Government is not offering the evidence for the truth of the matter asserted and rather is offering it for context. "Statements providing context for other admissible statements are not hearsay because they are not offered for their truth." *United States v. Blair*, 4:21CR3155, 2022 WL 1720150, at *1 (D. Neb. May 27, 2022) (citing *United States v. Lamm*, 5 F.4th 942, 950 (8th Cir. 2021)).

In other motions (Filing No. 520; Filing No. 521; Filing No. 522; Filing No. 523; Filing No. 524; Filing No. 545; Filing No. 546; Filing No. 548), Defendant raises many issues that were previously addressed by the Court. Again, the Court will not reconsider its earlier rulings and the Court's decisions as to those issues stand. However, in these motions, Defendant also raises objections about his access to discovery and evidence. Defendant complains that he has not been given access to a "drug tax stamp" that he allegedly possessed a portion of at the time of his arrest. In advance of the hearing, the Court directed the Government to respond to Defendant's allegations pertaining to purported discovery deficiencies. The Government submitted its response, stating that Defendant's wallet and its contents (which purportedly contained a portion of a drug tax stamp) were disposed of on January 17, 2024 by the Lincoln Police Department because no one

---

[1] The Court notes that point 7 references a drug tax stamp. For the reasons explained below, evidence regarding drug tax stamps will not be admissible at trial.

came to retrieve the wallet, after sending a letter to Defendant's last known address saying they would dispose of the property if no one came and got it.

Defendant's complaints and motions stemming from his inability to access his wallet and the drug tax stamp will be overruled and denied for the reasons stated on the record. Additionally, Defendant appears to argue that the charges against him should be dismissed because he allegedly had a drug tax stamp as required by the Nebraska Drug Tax Stamp Act. The Nebraska Tax Stamp Act, Neb. Rev. Stat. § 77-4301 *et seq*., "levies an excise tax that targets the use or sale of controlled substances." *United States v. Minor*, No. 8:05CR435, 2008 WL 4225243, at *3 (D. Neb. Sept. 10, 2008). It does not, however, provide immunity from criminal prosecution for possession or distribution of controlled substances. *Id*. In other words, it is not—as Defendant seems to believe—a defense to criminal charges alleging drug distribution or possession. *See also State v. Stubblefield*, 249 Neb. 436, 440, 543 N.W.2d 743, 746 (1996) (stating that the drug tax stamp "statutes do not give a dealer immunity from criminal prosecution"); *United States v. McNeil*, No. 8:06CR123, 2008 WL 39992145, at *2-3 (D. Neb. Aug. 22, 2008) ("Even if the defendant did comply with the Nebraska Tax Stamp Act, that is not a defense to the underlying charges").

In criminal prosecutions the state has a duty to preserve "evidence that might be expected to play a significant role in the suspect's defense." *California v. Trombetta,* 467 U.S. 479, 488 (1984). However, if the "evidence in question is only potentially useful, as opposed to clearly exculpatory, then a criminal defendant must prove bad faith on the part of the police to make out a due process violation . . . Without proof of an official animus or a conscious effort to destroy exculpatory evidence, [defendant's] claim necessarily fails." *United States v. Ward*, 140 F.4th 945, 952 (8th Cir. 2025) (quotation omitted). Here, the evidence at issue (the wallet and partial drug tax stamp) has no relevance or exculpatory value. This evidence is not probative of Defendant's guilt or innocence. Further, there is no evidence that the Lincoln Police Department acted in bad faith by disposing of this property. It was disposed of in accordance with Lincoln Police Department procedure. Therefore, Defendant's complaints stemming from the disposal of his wallet and the partial drug tax stamp are overruled and the motions based on those complaints are denied.

Defendant also opposes testimony from the Government's planned witness, Maurice Bryant, asserting that Bryant is not credible and will commit perjury. The Government would like to present evidence from Bryant regarding his drug-related relationship with Defendant in 2023. (Filing No. 498.) Bryant's testimony will not be excluded as Defendant will have the opportunity to cross-examine Bryant at trial. Also, for the reasons stated on the record, Defendant's objections to the Government's Rule 404(b) Notices (Filing No. 540; Filing No. 541; Filing No. 544) are overruled.

Defendant also appears to be complaining about the extension of time that was given on September 29, 2025, upon the request of the Government. The motion sought a 5-hour extension of the parties' deadline to file pretrial motions, such as motions in limine. (Filing No. 491; Filing No. 492.) The motion was granted, but on account of Defendant's *pro se* status, he did not receive a copy of the motion or notice of the order before expiration of the 5-hour extension period. Defendant cannot show he was prejudiced by the extension.[2] The motion was time-sensitive, and due to Defendant's *pro se* status, immediate notice was not possible.

Defendant's motions found at Filing No. 557, Filing No. 559, Filing No. 561, Filing No. 565 will also be denied as they were untimely. Pretrial motions dealing with issues that had not already been addressed by the Court had to be filed by September 29, 2025 (Filing No. 417) and these motions were not received by the Court until October 14, 2025. Further, these motions seek relief that has already been ruled upon and/or is encompassed within other motions filed by Defendant. The Court notes that Defendant also faxed documents to the Court. (Filing No. 556.) Fax and email filings are not allowed by the Court. *See* NECrimR 49.1. These faxed documents were docketed as supplemental authority—they will not be considered by the Court as motions. In any event, the Court has reviewed these faxed materials and finds that the requests contained in them are encompassed in Defendant's other filings and have been adequately addressed.

Through its Motion in Limine (Filing No. 496), the Government seeks an order precluding Defendant from offering evidence or argument regarding the following: (1) Any previously litigated suppression issues based on the Fourth and Fifth Amendments or any argument, evidence,

---

[2] The extension was not only for the government but was for Defendant as well. The extension ended up benefiting Defendant because he had several filings that were filed that day after 12:00 p.m. The Court would also note that Defendant has been given extensions, or allowed to file things late, on numerous occasions throughout this case.

4

or implication the law enforcement officers violated Defendant's constitutional rights; (2) Any previously litigated or ruled upon pretrial motions concerning admission or evidence of dismissal; (3) Any evidence or argument concerning Nebraska State law and Ecclesiastical Court law; and (4) Any reference to the Magistrate Judge's credibility findings in the Findings and Recommendations issued following the suppression hearing.

The Government's Motion in Limine will be granted. As explained at the evidentiary hearing, the suppression issues have been exhaustedly considered by the Court, and suppression issues have no relevance to the matters that will be presented at trial and considered by the jury. Defendant can appeal the suppression rulings following trial, at the appropriate time, in accordance with proper rules and procedures. The same is true of any other previously litigated or ruled upon pretrial motions, including findings and rulings (credibility or otherwise) made by the Magistrate Judge.

Evidence or argument concerning Nebraska State law and Ecclesiastical Court law will likewise be excluded. Defendant seems to argue that the charges against him should be dismissed because he is a sovereign citizen, and this Court therefore lacks jurisdiction. Under the ecclesiastical abstention doctrine, "civil courts exercise no jurisdiction" over matters that "concern[ ] theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of them[.]" *Watson v. Jones*, 80 U.S. 679, 733 (1871). However, the doctrine only applies "where resolution of the disputes cannot be made without extensive inquiry . . . into religious law and polity." *Glover v. Creighton Preparatory School*, 82 F.4th 586, 594 n.4 (8th Cir. 2023) (quotation omitted). The doctrine is clearly inapplicable here. There is no religious component to this case.

Further, the sovereign citizen concept has been recognized as frivolous by the Eighth Circuit and, relying on this Eighth Circuit authority, arguments based on sovereign immunity have been precluded. *See United States v. Willis*, 101 F.4th 577, 583 (8th Cir. 2024). Courts have relied on that Eighth Circuit authority to reject arguments based on sovereign immunity. For instance, in *United States v. Williams*, No. 4:21CR00265, 2025 WL 73268 (W.D. Mo. Jan. 10, 2025), the government sought to prohibit the defendant from making any sovereign citizen ideology arguments under Federal Rules of Evidence 401 and 403, arguing they were frivolous and would confuse and mislead the jury. The trial court granted the government's motion in limine, stating

5

that the "Eighth Circuit has repeatedly rejected arguments raised by sovereign citizens as frivolous and without merit." *Id*. at *1 (citing *Willis*, 101 F.4th at 583). *See also United States v. Anderson*, No. CR-23-413, 2024 WL 2928560, at *2 (W.D. Okla. June 10, 2024) ("[T]he Court concludes that statements or arguments by [the defendant] suggesting that his status as a trust or sovereign mean that he is not subject to the Court's jurisdiction or give him immunity from this federal prosecution are irrelevant . . . raising these arguments at any stage of the trial carries a substantial risk of causing unfair prejudice, confusing the issues, misleading the jury, causing undue delay, or wasting time."); *United States v. Rivers*, 2013 WL 3937026, at *1 (M.D. Tenn. July 30, 2013) ("[T]he 'sovereign citizen/natural person' language used by the Defendant in his writings and in presentations to the Court is not a defense to the charges and is not relevant to the issues at trial."). In this case, Defendant is accused of violating federal law. Therefore, arguments pertaining to Nebraska State Law and the Ecclesiastical Court (including sovereign citizenship and jurisdiction) are irrelevant. Therefore, the Court will grant the Government's request to preclude Defendant from presenting any arguments regarding these topics as their presentation would risk confusing and misleading the jury.

Accordingly,

**IT IS ORDERED**:

1. Defendant's motions found at Filing No. 520; Filing No. 521; Filing No. 522; Filing No. 523; Filing No. 524; Filing No. 535; Filing No. 540; Filing No. 541; Filing No. 544; Filing No. 545; Filing No. 546; Filing No. 548; Filing No. 557; Filing No. 559; Filing No. 561; and Filing No. 565 are denied.

2. Defendant's motions found at Filing No. 481 and Filing No. 552 are granted, in part and denied, in part as stated above and on the record.

3. The Government's Motion in Limine (Filing No. 496) is granted. Defendant is hereby precluded from offering evidence or argument regarding: (a) Any previously litigated suppression issues based on the Fourth and Fifth Amendments or any argument, evidence, or implication the law enforcement officers violated Defendant's constitutional rights; (b) Any previously litigated or ruled upon pretrial motions concerning admission or evidence of dismissal; (c) Any evidence or argument concerning Nebraska State law and Ecclesiastical Court law; and

(d) Any reference to the Magistrate Judge's credibility findings in the Findings and Recommendations issued following the suppression hearing.

Dated this 16th day of October, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge

7