IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JAMAAL MCNEIL,

    Defendant.

4:24CR3048

**MEMORANDUM AND ORDER**

On May 21, 2024, Defendant Jamaal McNeil was indicted on one count of possession with intent to distribute fifty grams or more of methamphetamine (actual) while he had a previous conviction for a serious drug felony. (Filing No. 1.) The Indictment also included a forfeiture allegation. (Filing No. 1.) On October 21, 2025, following a bench trial, Defendant was found guilty of Count I of the Indictment. The Court also found that the Government proved the forfeiture allegation contained in the Indictment and Defendant had a prior serious drug felony as alleged in the Indictment and a separate Information.[1] (Filing No. 380; Filing No. 637.) Defendant's sentencing is scheduled for January 29, 2026.

Now pending before the Court are sixty-six motions Defendant filed following the trial. (Filing No. 618; Filing No. 619; Filing No. 620; Filing No. 621; Filing No. 622; Filing No. 623; Filing No. 624; Filing No. 626; Filing No. 627; Filing No. 628; Filing No. 630; Filing No. 631; Filing No. 632; Filing No. 633; Filing No. 634; Filing No. 635; Filing No. 636; Filing No. 642; Filing No. 643; Filing No. 644; Filing No. 645; Filing No. 646; Filing No. 647; Filing No. 648; Filing No. 649; Filing No. 650; Filing No. 651; Filing No. 652; Filing No. 654; Filing No. 655; Filing No. 656; Filing No. 658; Filing No. 659; Filing No. 660; Filing No. 661; Filing No. 662; Filing No. 663; Filing No. 664; Filing No. 665; Filing No. 667; Filing No. 668; Filing No. 669; Filing No. 670; Filing No. 671; Filing No. 672; Filing No. 673; Filing No. 674; Filing No. 677; Filing No. 678; Filing No. 680; Filing No. 681; Filing No. 682; Filing No. 683; Filing No. 684;

---

[1] Defendant has been proceeding *pro se* throughout these proceedings. Defendant represented himself at trial, with the assistance of standby counsel.

Filing No. 685; Filing No. 693; Filing No. 698; Filing No. 699; Filing No. 700; Filing No. 701; Filing No. 702; Filing No. 703; Filing No. 710; Filing No. 711; Filing No. 712; Filing No. 713.) These motions, though filed individually, often seek the same or similar relief. In other words, the relief requested in the motions tends to overlap.

Defendant's motions touch on a litany of issues, most of which were already addressed by the Court before or during trial—including requests for subpoenas for testimony and documents; motions to admit/offer evidence; motions in limine; motions for release of property; motions to proceed in forma pauperis; requests for hearings and conferences on various topics; motions based on purported *Brady* violations; motions based on Defendant's claim that he is a sovereign citizen; motions based on Defendant's claim regarding his alleged possession of a drug tax stamp; and motions to be released from custody. Defendant's new motions pertaining to these matters are moot and/or frivolous as they have already been exhaustively considered by the Court. (*See* Filing No. 632; Filing No. 663; Filing No. 669; Filing No. 618; Filing No. 620; Filing No. 626; Filing No. 627; Filing No. 628; Filing No. 642; Filing No. 644; Filing No. 654; Filing No. 655; Filing No. 656; Filing No. 658; Filing No. 670; Filing No. 677; Filing No. 630; Filing No. 635; Filing No. 648; Filing No. 664; Filing No. 665; Filing No. 673; Filing No. 682; Filing No. 633; Filing No. 634; Filing No. 636; Filing No. 646; Filing No. 647; Filing No. 659; Filing No. 661; Filing No. 662; Filing No. 674; Filing No. 680; Filing No. 683; Filing No. 684.) These matters will not be readdressed, and the motions are denied.

In addition, many of Defendant's motions are premature and cannot be considered at this time. For instance, several of Defendant's motions pertain to requests for post-judgment relief under Federal Rule of Criminal Procedure 32(k). (Filing No. 619; Filing No. 631; Filing No. 645; Filing No. 671; Filing No. 685.) This Rule provides, in part, that "In the *judgment* of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence. Fed. R. Crim. P. 32(k) (emphasis added). Although Defendant was found guilty, sentencing has not yet occurred, and *judgment* has not been issued. Therefore, Rule 32(k) is not implicated here.

Defendant's motions seeking a "writ of deliverance" and writ of error coram nobis are likewise premature. (Filing No. 624; Filing No. 652.) Defendant's motion for a "writ of deliverance" appears to be seeking a writ of habeas corpus—which is a form of post-judgment

2

relief. This relief is unavailable because judgment has not been entered. Similarly, a writ of error coram nobis is "an ancient common law remedy that modern federal courts are authorized to issue under the All Writs Act, 28 U.S.C. § 1651(a)." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018). However, coram nobis relief "is not available to a federal prisoner while in custody." *Id*. Defendant is in custody, and thus coram nobis relief is unavailable to him. Further, the relief sought by Defendant through these motions is clearly frivolous. Therefore, even if this type of relief were available, Defendant's request would be denied.

Defendant also seeks summary judgment. (Filing No. 678.) Motions for summary judgment apply in the civil case context, and this is a criminal matter. Therefore, this motion will be denied.

In addition to being moot, premature, and/or frivolous, many of Defendant's motions are untimely. At the conclusion of trial, the Court ordered that Defendant's post-conviction motions be postmarked by November 4, 2025, with the Government's response to those motions due by December 1, 2025. (Filing No. 637.) Defendant's reply to the Government's response was to be postmarked by December 11, 2025. (Filing No. 637.) Between (and including) the date trial ended and November 14, 2025, Defendant filed fifty-five motions. On December 1, 2025, the Government submitted its response to Defendant's then-pending motions—even those postmarked after November 4, 2025. (Filing No. 689.)

Defendant filed a notice of change of address on December 8, 2025, indicating that he did not receive any filings dated after November 19, 2025. (Filing No. 690.) Defendant requested that materials filed after November 19, 2025 be sent to him. (Filing No. 690.) That day, Defendant also filed a "Motion to Object and Reply to the Government's Response." (Filing No. 691.) It appears from this filing that Defendant did, in fact, receive the Government's response to his post-conviction motions. However, on December 12, 2025, the Government nonetheless filed a certificate of service stating that its response to Defendant's post-conviction motions would be sent to Defendant at his new address. (Filing No. 694.)

Defendant filed an "Amended Motion to Object and Reply to the Government's Response" on December 22, 2025. (Filing No. 697.) The Court subsequently entered an order clarifying that Defendant's "Amended Motion to Object and Reply to the Government's Response" (Filing No.

3

697) would be deemed a timely response to the Government's response to his post-conviction motions. (Filing No. 708.)

Since the time that the Government's response to Defendant's motions was filed, Defendant has filed additional motions. (Filing No. 693; Filing No. 698; Filing No. 699; Filing No. 700; Filing No. 701; Filing No. 702; Filing No. 703; Filing No. 710; Filing No. 711; Filing No. 712; Filing No. 713.) These motions are all post-marked after the November 4, 2025 deadline set by the Court. Therefore, these motions are untimely. Moreover, the motions do not state any legitimate grounds for relief. Accordingly, these motions will be denied.

Defendant did, however, submit some timely motions that pertain to his conviction and seek relief that can be addressed at this time.

First, Defendant seeks an arrested judgment pursuant to Federal Rule of Criminal Procedure 34, which provides that "the court must arrest judgment if the court does not have jurisdiction of the charged offense." Fed. R. Crim. P. 34. (Filing No. 621; Filing No. 642; Filing No. 649; Filing No. 668.) However, this Court does not lack jurisdiction over this case. Also, Defendant does not argue (or at least does not legitimately argue) that there are errors appearing on the face of the record that would make a judgment invalid. *See* United States v. Sisson, 399 U.S. 267, 280-81 (1970) (stating that the phrase "arresting judgment of conviction" describes "the act of a trial judge refusing to enter judgment on the verdict because of an error appearing on the face of the record that rendered the judgment invalid"). Therefore, Defendant's request for an arrested judgment will be denied.

Second, Defendant seeks a judgment of acquittal. (Filing No. 622; Filing No. 650; Filing No. 667.) "To convict an individual of possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1), the government has the burden of proving beyond a reasonable doubt that [the] defendant both knowingly possessed and intended to distribute the drugs." United States v. Young, 68 F.4th 1095, 1098 (8th Cir. 2023). The evidence presented at trial proved beyond a reasonable doubt that Defendant is guilty of the crime charged. Thus, a judgment of acquittal will not issue.

Third, Defendant requests a new trial based on alleged newly discovered evidence. (Filing No. 623; Filing No. 642; Filing No. 643; Filing No. 651; Filing No. 672; Filing No. 681.) To obtain

4

a new trial on this basis, Defendant must show "(1) the evidence is in fact newly discovered since trial; (2) diligence on his part; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) it is probable that the new evidence would produce an acquittal at the new trial." *United States v. Shumaker*, 866 F.3d 956, 961 (8th Cir. 2017) (quotation omitted). Defendant cannot make this showing. He has not pointed to any newly discovered evidence, and certainly no evidence that is material or would produce an acquittal at a new trial.

Fourth, Defendant seeks a mistrial, alleging prosecutorial misconduct for failure to turn over evidence. (Filing No. 660; Filing No. 661.) As has already been determined by the Court, there is no support for Defendant's allegation that the Government withheld any evidence or engaged in any other misconduct. Therefore, Defendant's request for a mistrial will be denied.

Accordingly,

**IT IS ORDERED** that Defendant's motions (Filing No. 618; Filing No. 619; Filing No. 620; Filing No. 621; Filing No. 622; Filing No. 623; Filing No. 624; Filing No. 626; Filing No. 627; Filing No. 628; Filing No. 630; Filing No. 631; Filing No. 632; Filing No. 633; Filing No. 634; Filing No. 635; Filing No. 636; Filing No. 642; Filing No. 643; Filing No. 644; Filing No. 645; Filing No. 646; Filing No. 647; Filing No. 648; Filing No. 649; Filing No. 650; Filing No. 651; Filing No. 652; Filing No. 654; Filing No. 655; Filing No. 656; Filing No. 658; Filing No. 659; Filing No. 660; Filing No. 661; Filing No. 662; Filing No. 663; Filing No. 664; Filing No. 665; Filing No. 667; Filing No. 668; Filing No. 669; Filing No. 670; Filing No. 671; Filing No. 672; Filing No. 673; Filing No. 674; Filing No. 677; Filing No. 678; Filing No. 680; Filing No. 681; Filing No. 682; Filing No. 683; Filing No. 684; Filing No. 685; Filing No. 693; Filing No. 698; Filing No. 699; Filing No. 700; Filing No. 701; Filing No. 702; Filing No. 703; Filing No. 710; Filing No. 711; Filing No. 712; Filing No. 713) are denied.

Dated this 27th day of January, 2026.

BY THE COURT:

*Susan M. Bazis*
Susan M. Bazis
United States District Judge